## GUS MONSE V. THE STATE.

No. 17200.   Delivered January 30, 1935.
Reported in 78 S. W. (2d) 631.

The opinion states the case.

*Robert R. Mullen, Jr.,* of Alice, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—It was charged against appellant by complaint and information that he resisted Robert Natho, a constable, in arresting or attempting to arrest Fred Monse without a warrant, it being alleged that Fred Monse had been guilty in the presence of the officer of the offense of disturbing the peace.

Upon the trial appellant was convicted and his punishment assessed at a fine of $25.00.   Prosecution is under Art. 339, P. C.

The evidence shows that on Armistice Day in 1933 a dance was in progress at the Rifle Club in Orange Grove; that Fred Monse was present at the dance and was under the influence of intoxicating liquor.   He was a World War veteran and was celebrating Armistice Day.   He was talking loud, and making considerable noise.   The record fails to show that any one at the dance made any complaint to the constable, in regard to the conduct of Fred Monse, but the constable sent some of his friends to Monse requesting him not to be so noisy.   Fred appeared not to respond to this request.   The constable then went in the house, took Fred by the arm and they walked out some thirty or forty feet in front of the club house and were engaged

in an argument. It was the constable's testimony that appellant came up at this time and struck at him (the constable) who then drew his pistol and hit appellant on the head with it and knocked him down, and then hit Fred Monse on the head with the pistol. It appears that appellant was not present at the time the constable took his brother, Fred, out of the house. The constable admits that he never told appellant that he had arrested or was attempting to arrest Fred, and did not tell Fred that he was under arrest, but says he told appellant that he (the constable) would take care of Fred, and that appellant said he would take care of him. The constable did not arrest either of the parties that night. The only prosecution against either of them was a charge against Fred for drunkenness, to which he plead guilty later, having been arrested therefor by the sheriff. The State called a number of witnesses all of whom testified that they saw the constable and appellant out in front of the dance hall; that the constable and Fred were talking pretty loud, but that they never at any time saw appellant hit or hit at the constable, and that they never heard anything said about the constable arresting anyone, but that it appeared to them that the constable was attempting to keep Fred quiet. Some of the State's witnesses testified positively that they were in a position where they could have seen it if appellant had struck or struck at the constable and that he did not do so. Appellant testified that when he got to the dance some friends told him his brother Fred had been drinking and that he began to look for Fred, and found him out in front of the dance hall arguing with the constable; that appellant went over to where they were and told the constable he would take care of Fred and take him away; that the constable said nothing, but immediately hit him on the head with the pistol. It appears that after the constable had knocked appellant down he struck him a number of times with the pistol and broke his leg above the ankle. Appellant says he did not know the constable had any intention of arresting his brother Fred.

In view of the constable's admission that he never at any time advised Fred that he was placing him under arrest, or attempting to do so, and that he never informed appellant that he had any such intention, in connection with other testimony of the State, as hereinbefore set out, we think the State has wholly failed to make out a case against appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*