### JESSE KING v. THE STATE.

No. 18684.    Delivered December 23, 1936.

The opinion states the case.

*Lane & Lane,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for operating a motor vehicle upon a public highway while intoxi-

cated; penalty assessed at confinement in the penitentiary for one year and the prohibition against driving a motor vehicle upon the highways of the State for two years.

The indictment contains four counts, but three of them were withdrawn from the consideration of the jury. The third count, upon which the conviction is based, alleges that:

"Jesse King, on or about the 22nd day of March, A. D. 1936, and anterior to the presentment of this indictment, in the County of Harrison and State of Texas, did then and there unlawfully drive and operate a motor vehicle over and upon a public highway there situate, to-wit, the Waldron Ferry road, the said Jesse King being then and there intoxicated."

We have carefully read the testimony found in the record. Much of it relates to the theft of a pig. Jones, a constable, went to the home of the appellant's father (Gene King) in company with one Robinson. They found a pig in the hog pen which they loaded into an automobile. Robinson then carried the pig to the home of one Bailey. While the constable was waiting for Robinson to return to the home of Gene King, the appellant drove up in an automobile. The constable began to question the appellant about the pig. Appellant denied having any connection with or knowledge of the pig. The officer then handcuffed the appellant, who then fled into the house, but was later taken in custody by the sheriff.

Two bills of exception complain of the introduction of the testimony relative to the pig found at the home of the appellant's father. There was no evidence connecting the appellant with the theft of a pig. Such testimony related to a different transaction from that for which the appellant was on trial. This testimony was apparently introduced for the purpose of causing the jury to believe that the appellant was guilty of the theft of a pig, and for that reason his disclaimer of driving an automobile upon the public highway while intoxicated should not be believed.

A bill of exception complains of the testimony of Jones, the constable, to the effect that when the appellant arrived at the home of his father and got out of the automobile, the officer began questioning him about the pig. When appellant denied any connection therewith the officer then put handcuffs on him. Appellant objected to this testimony upon the ground that it proved no relevant issue in the case and was prejudicial in that it impressed the jury with the idea that the appellant had stolen the pig or had some connection with the theft thereof.

In bill of exceptions No. 4 the argument of State's counsel is criticized. In some sense it deals with matters which are not pertinent to the issues involved. In view of the disposition made of the case, it is not likely that the matter will occur again upon another trial.

As stated above, the charge against the appellant was the driving of an automobile upon a public highway while intoxicated. A large portion of the testimony relates to the appellant's alleged conduct with reference to a pig which appears to have been stolen. Whatever its effect, it was clearly irrelevant to any issue in the case.

Therefore the judgment must be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*