## JESSIE KING V. THE STATE.

No. 19327.   Delivered January 19, 1938.

The opinion states the case.

*William Lane,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for driving an automobile on a public road while appellant was intoxicated, punishment assessed at a fine of $100 and confinement in jail for sixty days.

The State's evidence in sufficient to show that appellant drove the car as alleged, and that he was drunk at the time. Appellant did not testify, but his father and two brothers gave

evidence to the effect that it was not appellant who was driving the car, but one of appellant's brothers. Appellant's witnesses admitted that he was in the car, and that he had been drinking.

The result of a former appeal will be found reported in 131 Texas Crim. Rep., 445, 99 S. W. (2d) 919.

Appellant sought a continuance because of the absence of two named witnesses by whom it was expected to prove the general good character of appellant. In Section 333, page 192, Branch's Ann. Tex. P. C., the rule is stated as follows:

"If the trial court in the exercise of his sound discretion refuses a continuance sought only to secure proof of the good character of defendant, such ruling will not ordinarily cause a reversal."

Many cases are cited supporting the text, among them being Miller v. State, 32 Texas Crim. Rep., 319, at page 348, 20 S. W., 1103.

In bill of exception number two complaint is brought forward because the sheriff was permitted to testify to appellant's condition when witness saw him, which was from forty to sixty minutes after the alleged drunken driving, it being urged that the evidence of the sheriff related to a time too remote from the alleged criminal act. The sheriff testified as follows:

"Jesse King was drunk on this day when I first saw him. I brought him to Marshall from Gene King's place. Mr. Pierce, a deputy sheriff, went with me up there. It was sometime in the afternoon when we got up there. On his way to town with us Jesse King went to sleep. * * * I detected the odor of alcohol on his breath. I heard him talk some during the time I was with him and I saw him walk. He staggered when he walked."

The objection went to the weight of the sheriff's testimony and not the admissibility. The court qualified the bill by stating that all of the testimony precluded the idea that appellant drank any intoxicants from the time of the alleged offense until the sheriff saw him.

Bill of exception No. 3 reveals that appellant had used as a witness one Rutland, who had testified that appellant's reputation as a peaceable, law-abiding citizen was good, after which the county attorney asked the witness upon cross-examination if his evidence had not related to a time prior to the incident for which appellant was being tried, to which the witness answered yes, and the county attorney asked if witness had not heard quite a bit of discussion as to his reputation since that time. Appellant's objection was overruled. The court appends to said bill of exception the questions and answers of the witness at

this point, which shows that after the court had overruled appellant's objection the county attorney then said to witness "and it (his reputation) hasn't all been good by any means?" to which witness answered, "Well, I have heard a lot since that time." The State was venturing on dangerous ground in the particulars mentioned, but it appears that the witness did not advise whether what he had heard had been good or bad, and we think the bill fails to reflect error which would call for a reversal.

Bill of exception number four complains because the county attorney was permitted to elicit from the witness Don L. King, a brother of appellant, that the witness went into the house and got a Winchester and came out on the back porch and presented it at Mr. Jones, the constable, and told him to stop. Bill of exception number five complains because the county attorney was permitted to elicit from the witness Jobie King, another brother of appellant, that witness grabbed Mr. Jones, the constable, from behind when he started after appellant, and also asked said witness if he did not see Don L. King when the latter had the Winchester. Bill of exception number six complains because the county attorney was permitted to elicit from the witness Gene King that he saw Don L. King come to the door with the gun and saw Jobie King catch Mr. Jones at the time mentioned. Bill of exception number seven complains because the State was permitted to prove by Mr. Jones, the constable, that he saw Don L. King on the porch with the Winchested pointed at him. These four bills may be considered together. The qualifications to each of the four bills, as well as the statement of facts, show that the constable, Mr. Jones, saw appellant as he was driving the car in question upon the public road, and that he arrested him after he drove up to the house of his father, Gene King, and placed the handcuffs on him, after which appellant broke away from the constable and ran into the house. The constable started to follow him, when according to the State's testimony, Jobie King caught the officer and held him, and Don L. King got the gun and prevented the officer from going in the house after appellant. Don L. King testified for appellant, claiming that he was the one who was driving the car, and not the appellant; and Jobie King and Gene King testified to the same facts. The conduct of Don L. King and Jobie King was not shown by the State in developing its case in chief, and the State was only permitted to elicit the testimony complained of after the witnesses had testified in appellant's behalf. The witnesses were all present at the

time of appellant's arrest and their conduct occurred at the time, and the court properly permitted the State to inquire into same as throwing light on their interest and bias.

Bill of exception number eight brings forward complaint at the closing argument of the attorney representing the State. We deem it unnecessary to set the argument out, but fail to find any error revealed thereby.

The judgment is affirmed.

*Affirmed.*