## JOHN LEE ZACKERY V. THE STATE.

No. 21652. Delivered June 18, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*Sam H. Allred,* of Hillsboro, and *Walter A. Nelson,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 and five days in jail on a charge of driving while intoxicated.

According to the evidence of the State, which the jury seems to have given full credit, the sheriff of Hill County was driv-

ing south from the county seat on highway No. 81 near the town of Abbott, accompanied by his wife and little boy, when he discovered appellant in the car with a woman "driving all over the highway." When he stopped him he saw that he was drunk. He said that he told appellant who he was; that he was the sheriff and what his name was and that he was under arrest. Appellant then jumped on the sheriff and they were engaged for some time in a scuffle. The witness said that the woman was drunk also. Appellant was represented by counsel who cross examined the sheriff thoroughly, and it appears that the sheriff adhered to his original testimony to the satisfaction of the jury, whose province it is to pass on questions of fact. Appellant then testified in his own behalf and denied the story as told by the sheriff.

It appears that appellant lived in the city of Fort Worth, from which place he brought witnesses to testify as to his good reputation, but the jury had to draw its conclusion as between the evidence given by the sheriff and that of appellant himself, which they did. The woman, referred to by appellant's statement as his sister-in-law, did not testify. She was in position to know if appellant was drunk.

Appellant placed R. C. Pierce on the stand, who said he came up to the scene of the arrest and helped carry appellant to town. He said he considered him drunk.

We find in the record five bills of exception, but we do not find in appellant's brief a discussion of any authorities sustaining them. We know of none and are, therefore, passing these assignments without discussion, other than to say that we do not concur in the appellant's view that they show error.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant supports his motion for rehearing with a brief, in which he insists that the charge of the trial court was subject to the objections urged thereto in the following particular:

In submitting the case to the jury, the trial judge, in stating the nature of the accusation against the appellant, gave, in his charge to the jury, the provisions of Art. 802, P. C., as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of an incorporated city, town or village, or upon any public road or highway within this State, while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall be confined in the penitentiary for not more than two years, or be confined in the county jail not less than 5 days nor more than ninety days and fined not less than fifty dollars nor more than five hundred dollars."

Appellant insists that the use of the words "or in any degree under the influence of intoxicated liquor" was unwarranted and unauthorized in that the indictment having alleged only that the appellant operated an automobile upon a public highway while intoxicated, the use of the words as given authorized consideration by the jury of an additional element not set forth in the indictment, and that, by reason thereof, the trial judge was submitting to the jury an issue not raised or supported by the indictment.

When the trial court came to submit to the jury the facts necessary to authorize appellant's conviction, he did so in the following terms:

"Now if you believe from the evidence beyond a reasonable doubt that the defendant, John Lee Zackery, on or about the 18th day of August, A. D. 1940, in Hill County, Texas, did drive and operate an automobile upon U. S. Highway No. 81, while he, the said John Lee Zackery, was intoxicated, you will find the defendant guilty and assess his punishment by confinement in the State penitentiary for not more than two years, or by confinement in the county jail not less than five days nor more than ninety days and by fine of not less than fifty dollars not more than five hundred dollars."

It thus appears that the trial judge did not submit, nor was the charge susceptible of the construction that the trial judge authorized the jury to convict appellant if they found that he was "in any degree under the influence of intoxicating liquor."

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.