### ROBERT EDDINS V. STATE.

No. 24794. May 31, 1950.
Motion for Rehearing Denied (Without Written Opinion)
October 4, 1950.
Leave to File Second Motion for a Rehearing Denied
October 25, 1950.

*Benson, Anderson & Howard,* and *Hugh Anderson,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of driving a motor vehicle upon a public highway while intoxicated and by the jury fined the sum of $400.00.

The facts show that a certain peace officer observed appellant's erratic driving on a public street in Lubbock, and testified that he saw him swing his car against another automobile; that he ran through a red light and drove on the wrong side of the street, and that he, the officer, drove up to appellant and stopped him. His tongue was thick; his eyes were bloodshot;

he had the odor of whisky on his breath; he mumbled when talked to and could not walk without assistance. When the officers requested to see the appellant's driver's license, he produced a courtesy card, but did not talk to them. They testified that they smelled liquor on his breath and that he was intoxicated. They took him into custody and to the city hall, where he was observed by others, who testified as above outlined.

It is contended that the arrest of appellant was illegal, and that under Art. 727a, Vernon's Ann. C.C.P., such testimony was inadmissible. Appellant denied his drunkenness and admitted that he had only taken a small drink of whisky. He did not remember running the red light and knew nothing about a car collision, and claimed that he was sober. The jury decided this contention adversely to appellant, and we think such decision was justified by the facts.

We think that under the testimony herein the officers had a right to arrest appellant without a warrant. See Art. 803, Vernon's Ann. P.C. If they had the right to arrest, then they had a right to describe his condition. Such testimony is the basis of many objections to the officers being allowed to describe appellant's condition at the time of the arrest. The arrest being legal, they had the right to delineate what they then found even though it was some short time after the arrest. See King v. State, 133 Tex. Cr. R. 496, 113 S.W. (2d) 181.

Bill No. 2 complains of the trial court's charge relative to intoxication. It was not necessary that such term be defined in the charge, same not being a technical term needing a definition, but had a commonly understood meaning. See Randolph v. State, 145 Tex. Cr. R. 526, 169 S.W. (2d) 178; Davis v. State, 142 Tex. Cr. R. 602, 115 S.W. (2d) 801; Zachery v. State, 142 Tex. Cr. R. 464, 154 S.W. (2d) 489; Moynahan v. State, 140 Tex. Cr. R. 540, 146 S.W. (2d) 376.

Bill No. 8 is multifarious in that it complains of the testimony of three separate witnesses. Again, we think the testimony was admissible because it referred to appellant's actions and demeanor at the time of and soon after his legal arrest.

Bill No. 13 relative to the remarks of the county attorney is without merit.

All bills not written upon have been considered and are without merit.

The judgment is affirmed.