CALVIN DIAL HURLEY V. STATE.

No. 24983. December 13, 1950.

*R. L. Wade, D. N. McMahan* and *H. E. Tarpley,* by *H. E. Tarpley,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The conviction was for driving a motor vehicle on a public highway while under the influence of intoxicating liquor, and the penalty was ninety days in jail and a fine of $50.00.

We need to consider but one question in this appeal. According to the state's evidence, appellant was driving a motor vehicle on a public highway within the county of Dallas while under the influence of intoxicating liquor. Evidence to this effect was given by a policeman of the city of Cockrell Hill, by a friend who was riding in the car with the policeman, and by a deputy sheriff. The appellant objected to this evidence on the ground of illegal arrest.

The policeman testified that he saw the appellant driving in excess of the speed limit and, upon following him, observed that he was weaving from one side of the road to the other, indicating that he was intoxicated. After driving some distance at ninety miles an hour, the policeman overtook and stopped the

appellant. The chase began outside of the corporate limits of Cockrell Hill and never, at any time, entered its bounds. As the policeman viewed the situation, he only stopped appellant and detained him until he radioed for a deputy sheriff, who soon appeared on the scene, took charge of appellant, searched his person and the car and testified as to the things he found, which corroborated the charge that appellant was intoxicated.

Without question, the arrest was made by the policeman when he detained appellant for the deputy sheriff. If this had occurred within the city of Cockrell Hill there could be no question about the legality of the arrest.

Article 803, Vernon's Ann. P. C. reads as follows: "Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding articles of this chapter."

Any peace officer includes policeman and excludes the idea of limitation to the bounds of the city. Other provisions of our statute describe the bounds of authority of peace officers to make arrest under prescribed conditions. We have no intention to enlarge on that authority further than the article herein quoted. When the law was originally passed by the Acts of the First Called Session of 1917 it was dealing with a situation somewhat different from that which existed prior to the coming of the automobile. Legislators recognized the fact that if the law is to be enforced authority must be given to the officer to act quickly in the matter before him. It seems clear, too, that the legislature intended to utilize all law enforcement agencies for the purpose of enforcing a law which had become important and which involved the protection of lives and property endangered by the thing which the law was attempting to prevent; that is, speeding, drunk driving, and other matters defined by the act. It is our opinion that the provision, in its general language, authorizes any peace officer in the state to make an arrest of an offender whenever and wherever the violation takes place in his view; and to do so without a warrant of arrest.

While the question of the authority of a policeman to act beyond the bounds of the city he serves has been before this court on a number of occasions, the exact question here involved has not. It is specifically provided by statute, (Art. 36, C.C.P.) that a policeman is a peace officer. Can he, as such, make an arrest outside of the city for an offense which did not originate within its bounds? The answer to this question depends upon

the construction to be given to the act of the 35th Legislature, 1917, above referred to. If we give a reasonable construction to the language of the act, he is, as a peace officer, included with those having authority to make such arrest. We know of no rule by which we may reasonably exclude him. While other articles of the statute define the duties and responsibilities of city marshals and police officers, there is nothing exclusive in them. We know of no reason why the legislature could not give to police officers such authority, if it sees fit to do so. In the construction of the language above quoted, we are of the opinion that he is authorized to originate and make an arrest outside of the bounds of the city for violation of the traffic law of the state against "drunk driving" committed in his view.

In determining that the policeman had the authority to make the arrest, and that he was the one who did make it, it follows that we find no reversible error in the case and the judgment of the trial court is affirmed.

HAWKINS, Presiding Judge (dissenting).

It is the holding of my brethren that a policeman of any incorporated city within this state may arrest, without warrant, any person found committing the offense of driving, while intoxicated, an automobile upon a public highway anywhere in this state.

To this holding I cannot agree, and respectfully enter my dissent.

The basis of the holding is Art. 803, P.C., which authorizes any peace officer to arrest, without warrant, any person found committing the offense of drunk driving.

It is my opinion that this statute extends no further than to specify new and additional offenses for which arrests may be made without warrants, and in no event was it the intention of the legislature to extend, also, the powers of peace officers to act beyond their respective territorial jurisdictions.

Art. 803, P. C., and Art. 212, C. C. P. authorizing peace officers to arrest without warrant for a felony and a breach of the peace, are not materially different, for each authorizes peace officers to make arrests without warrant. Art. 212, C. C. P. has never by this court been given the construction as authorizing peace officers to make extra-jurisdictional arrests.

The authorities, as well as the general rule, are to be found in my dissenting opinion in Minor v. State, 153 Tex. Crim. Rep. 242, 219 S. W. 2d 467, to which I here adhere.

I freely admit that under present conditions some amendment and enlargement of the rights of officers should be made by the legislature, but the law should not be construed to meet the exigency of the occasion, and thereby encroach on legislative authority.

I respectfully record my dissent.