YSIDRO NAVA MORA V. STATE.

No. 26,752. January 20, 1954.

*Bryan Wingo,* Corpus Christi, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, ten days in jail and a fine of $50.00.

Officer Butler of the Texas Highway Patrol testified that he arrived upon the scene of an accident on the night in question; that an automobile had hit the side of a bridge, turned over and burned; that he noticed a beer bottle lying beside it; that the appellant was standing near the burning automobile and identified himself as the driver thereof, said he was alone at the time of the accident and had drunk four or five beers that night. Officer Butler testified that shortly thereafter an ambulance arrived, and since appellant was cut and bleeding he instructed

him to go to the hospital for treatment; that appellant smelled strongly of liquor, his speech was blurred, he weaved and staggered when he tried to walk and in the witness's opinion was intoxicated.

Butler stated that sometime later he followed the ambulance to the hospital and there secured the appellant's written consent to the taking of a blood test; that he personally mailed the sample of appellant's blood to the Texas Department of Public Safety at Austin and after the appellant had been treated placed him in jail.

Traffic Investigator Tackett testified that he went to the scene of the accident and observed the appellant there and later at the Memorial Hospital and gave his opinion that appellant was intoxicated.

Toxicologist Tullis of the Texas Department of Public Safety testified that he analyzed the sample of appellant's blood, found it to contain 2.2 milligrams of alcohol per c.c. of blood and that such concentration of alcohol in the blood was evidence of intoxication.

Dr. John Pilcher corroborated the testimony of Mr. Tullis that 2.2. milligrams of alcohol per c. c. of blood indicated intoxication.

Ishmal Carranza testified that he was behind appellant, proceeding in the same direction, on the night in question, saw appellant's automobile pull over to the left and then back to the right and into the bridge; that he observed the appellant after the accident and concluded that he was intoxicated.

Appellant did not testify in his own behalf but offered Dr. Russo, who testified that the records of the Memorial Hospital did not contain a notation that the appellant was intoxicated or that he had been given a blood test while at the hospital that night.

The appellant also offered as witnesses the ambulance driver and his assistant, one of whom testified that the appellant had told him that he had had a blowout and this caused him to hit the bridge and both of whom testified that they did not smell alcohol on appellant's breath and did not think that he was intoxicated.

The jury resolved the disputed issue of appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

Appellant contends, among other things, that it became necessary for the state to produce the two witnesses who attested the written consent to take the blood test which appellant executed. Since this court has held that a written consent is not necessary, there can be no merit in such contention. Marshall v. State, (page 268, this volume), 262 S. W. 2d 491.

Appellant contends that the state failed to properly identify the specimen of blood because the doctor who drew it from his arm was not offered as a witness. There can be no merit in such contention since Officer Butler was present, received the tube from the doctor, after watching him draw the blood from appellant's arm, and then sealed the tube and placed his name and other identification upon it.

Finding no reversible error, the judgment of the trial court is affirmed.