FELECITO T. GRANADO, JR. V. STATE

No. 27,423. February 23, 1955

*Mrs. Mae M. Ament,* Alpine, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is opposing the arrest of another for a misdemeanor, as denounced by Article 339, V.A.P.C.; the punishment, a fine of $100.00.

Tom Gray, Sheriff of Jeff Davis County, testified that an automobile driven by Fermin Granado, and in which appellant and one Rodriguez were riding, passed through the city of Fort Davis on the day in question traveling in the center of the highway and at an excessive rate of speed and that he and his deputy gave chase in separate automobiles. He stated that the automobile which they were pursuing came to a halt down below the old Fort; that Fermin Granado got out from under the wheel, staggered up against the back fender of his automobile, and said, "What the hell *to* you want?" and that he replied, "I want you." Gray testified further that Fermin then stated, "You will play hell getting me," that he took hold of Fermin, that the appellant and Rodriguez grabbed his right arm, and that Fermin grabbed his pistol which he (the sheriff) had sticking in his belt. The sheriff stated that in his opinion Fermin Granado was intoxicated at the time. It was further shown that the appellant knew that Gray was sheriff.

Deputy Sheriff Hutchison testified that he followed the automobile down the highway until it turned off; that after all three automobiles came to a halt Fermin said, "What the hell do you

want?", and the sheriff replied that it was Fermin that he wanted; that Fermin replied, "You are going to play hell;" that the sheriff took hold of Fermin; that the appellant and the other boy grabbed the sheriff by the arm, and when they did so Fermin "jumped back with Tom Gray's gun in his hand," and that he then shot Fermin and placed all three men under arrest. Hutchison stated that Fermin "kind of fell out of the car and staggered over next to me" and that in his opinion he was intoxicated.

The appellant, testifying in his own behalf, admitted that he knew that Gray was the sheriff, denied that any of the three had been drinking on the day in question, denied that they were speeding and gave the following version of what occurred after the automobiles came to a halt. He stated that the sheriff came up and said, "Let's go"; that Fermin said, "What for? What have I done?" that instead of answering this question the sheriff went back to his automobile, got a blackjack and said, "I will fix him"; that he thought that the sheriff was going to hit Fermin on the head, and so he grabbed the sheriff's arm and took the blackjack away from him. The appellant stated that after this Fermin got the sheriff's pistol and Hutchison shot Fermin in the arm and that the officers then took them to jail.

Rodriguez corroborated the appellant's testimony and denied that he had participated in the assault on the sheriff.

The jury resolved the disputed issue of fact against the appellant.

Appellant moved to quash the information on the ground that it stated no offense because it recited that "a lawful warrant was not required to arrest Fermin Granado" for the offense of driving while intoxicated, which the appellant says is incorrect and relies upon Article 212, V.A.C.C.P., which provides for an arrest without a warrant for a felony or breach of the peace. The appellant overlooks Article 803, V.A.P.C., which provides for an arrest without a warrant for driving while intoxicated, and the holding of this court in Eddins v. State, 155 Texas Cr. Rep. 208, 232 S.W. 2d 676. It should be noted that Hutchison testified that as he was attempting to overtake the automobile "it was going over the center line and then back over against the shoulder and back over the line and then back over against the shoulder."

Appellant contends that the evidence is insufficient to support

the conviction because it was not shown that the sheriff advised Fermin that he was placing him under arrest. He relies upon Monse v. State, 127 Texas Cr. Rep., 635, 78 S.W. 2d 631. This contention requires a review of the facts. The appellant stated that Tom Gray had been sheriff for seven years, so that there can be no question but that he knew in what capacity Gray was acting. In the Monse case the entire evidence showed that the constable "never at any time advised Fred that he was placing him under arrest, or attempting to do so, and that he never informed the appellant that he had any such intention." In the case at bar, according to the sheriff, Fermin said, "What the hell *to* you want?" and the sheriff replied, "I want you." According to the appellant, the sheriff said, "Let's go." It thus appears that either version of the transaction would authorize the conclusion that the appellant knew that the sheriff was placing Fermin under arrest.

Appellant next complains of the failure of the court to charge the jury, "if you find that such arrest took place at any other place than on a public highway, then you will acquit the defendant on account of the variance between the evidence and the complaint in this case."

We are unable to follow the logic of such complaint but do call attention to the holding of this Court in Ybarra v. State, 160 Texas Cr. Rep. 487, 272 S.W. 2d 374, wherein we held that an officer who saw the accused commit a traffic violation had the right to follow him into his own yard in order to arrest him.

We find the evidence sufficient to support the verdict.

Finding no reversible error, the judgment of the trial court is affirmed.