## CHARLES LEWIS AARON V. STATE

No. 28,522. November 28, 1956.

Appellant represented himself.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas*

*D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug with two prior convictions for felonies less than capital alleged to enhance the penalty; the punishment, life imprisonment as provided by Art. 63, Vernon's Ann. P. C.

The state's testimony shows that the appellant was arrested and his person searched by Narcotic Officers Shelton and Rogers of the Houston Police Department, after they had observed him walk from a house to his automobile on Broadway Street and start to drive away. As a result of the search the officers found, in the appellant's shirt pocket, three capsules containing a brownish powder which, upon being tested by Chemist McDonald, was shown to be heroin. The officers also found, in the appellant's pants pocket, two bottles containing some pills and capsules, and a hypodermic needle, a syringe and a spoon.

The officers testified that, before making the arrest, they had observed the appellant stagger as he walked to the car, and, after getting in the car, almost hit another car as he was driving away from the curb. Officer Shelton, in describing the appellant's appearance, testified that his eyes were almost closed and his speech was incoherent. They further testified that they stopped the appellant because they thought he was drunk, and that a charge of driving while intoxicated was filed against him.

It was stipulated by and between the state and the appellant that the appellant had twice been finally convicted of the felony offenses less than capital alleged in the indictment for the purpose of enhancing the penalty.

As a witness in his own behalf, appellant denied possessing the capsules and other articles which the officers testified they found on his person, and testified that the reason the officers did so testify was because he had been a witness against certain police officers in Federal Court. Appellant further testified that he had taken two or three drinks of whiskey before his arrest but denied being under the influence of intoxicating liquor at the time.

Informal Bill of Exception No. 1 presents appellant's objection to the testimony relative to the search of his person on the

ground that it was not shown that the officers had a warrant for his arrest or a search warrant.

The testimony of the two arresting officers that, when the appellant was arrested, he was drunk and was driving his automobile upon a public street was sufficient to authorize his arrest without a warrant. Art. 803, Vernon's Ann. P. C., authorizes a peace officer to arrest, without warrant, any person driving a motor vehicle upon a public highway while intoxicated. Eddins v. State, 155 Tex. Cr. R. 202, 232 S. W. (2d) 676; and Hurley v. State, 155 Tex. Cr. R. 315, 234 S. W. (2d) 1006. Appellant's arrest was further authorized under the provisions of Art. 212, Vernon's Ann. C. C. P., which authorizes a peace officer or any other person to arrest without warrant for an "offense against the public peace" committed in his presence or within his view, and which class of offense includes drunkenness in a public place. Cook v. State, 155 Tex. Cr. R. 580, 238 S. W. (2d) 200; Morgan v. State, 159 Tex. Cr. R. 231, 262 S. W. (2d) 713; Rent v. State, 160 Tex. Cr. R. 326, 268 S. W. (2d) 674; and Mc-Eathron v. State, No. 27,739, opinion delivered October 3, 1956, (page 619, this volume).

The arrest of appellant being lawful, the incident search of his person without a warrant was lawful.

By informal Bill of Exception No. 2 appellant complains of the action of the court in permitting the state to prove that in the search there were found on his person, in addition to the three capsules, the other items consisting of the two bottles containing pills and capsules, and the hypodermic needle, syringe and spoon. Appellant's objection was on the ground that it was not alleged in the indictment that he possessed such items.

The finding of the other articles on the appellant's person was a part of the original search and proof thereof was admissible. Shuffield v. State, 20 S.W. (2d) 1057; and Brown v. State, 159 Tex. Cr. R. 306, 263 S.W. (2d) 261.

We have considered appellant's other contentions and are of the opinion that they do not reflect error.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.

Opinion approved by the Court.