BOB MAYO V. STATE

No. 33,180. March 29, 1961

WOODLEY, Presiding Judge, absent.

No attorney for appellant of record on appeal.

*Weldon Holcomb,* Criminal District Attorney, *William V. Jeffus, Henry L. McGee, T. L. Davis,* Assistants Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The state's proof shows that, on the night in question, appellant was stopped and arrested around 11:30 p.m. by City Officers R. L. Parker and B. C. Megason, while driving his automobile upon a public street in the city of Tyler. The officers testified that, before stopping the appellant, they followed his automobile for several blocks, and observed it "weaving" back and forth from the curb to the center line and cross over the center stripe. In describing the appellant's actions and appearance after being stopped, the officers testified that he had the smell of alcohol on his breath, his speech was impaired, he was unsteady on his feet, and both expressed the opinion that, at such time, appellant was intoxicated. It was further shown that, in the search of the appellant's automobile following his arrest, the officers found under the right front seat, a four-fifths quart bottle of Old Crow Whiskey, one-fourth full.

Testifying as a witness in his own behalf, appellant stated that, prior to his arrest on the evening in question, he had been to Gladewater in company with Mr. and Mrs. M. O. Betts; that, on the trip, they purchased a fifth of whiskey and stopped at a lounge where they each had two mixed drinks. Appellant denied, in substance, that he was intoxicated and testified that he had possession of his normal mental and physical faculties and was operating his automobile in a careful and prudent manner. Mr.

and Mrs. Betts, upon being called as witness by appellant, corroborated his testimony and testified, in substance, that, on the occasion in question, he was not intoxicated.

The jury chose to accept the testimony of the state's witnesses and rejected that of appellant and his witnesses, and we find the evidence sufficient to sustain its verdict.

The record contains several bills of exception, however, no brief has been filed on behalf of appellant.

Appellant questions the legality of the search of his automobile by the officers without a search warrant. The testimony of the two arresting officers, as to the manner in which appellant was driving his automobile upon a public street, was sufficient to authorize his arrest without a warrant under the provisions of Art. 803, V.A.P.C. Hurley v. State, 155 Tex. Cr. R. 315, 234 S. W. 2d 1006; Granado v. State, 161 Tex. Cr. R. 128, 275 S.W. 2d 680; and Aaron v. State, 163 Tex. Cr. R. 635, 296 S.W. 2d 264. The arrest of appellant being lawful, the incident search of his automobile was lawful. Aaron v. State, supra.

By certain bills of exception, appellant complains of the court's refusal to retire the jury to permit him to examine Officer Parker on voir dire for the purpose of making an objection to the evidence offered by the state relative to the search of the automobile. We find no error in the bills as the record shows that, before the partially filled bottle of whiskey found in the automobile was introduced in evidence, the court did, at appellant's request, retire the jury and appellant was permitted to examine Officer Parker outside of the presence and hearing of the jury with reference to the search of the automobile.

The other bills of exception appearing in the record have been considered and do not present reversible error.

The judgment is affirmed.

Opinion approved by the Court.