ISLAS VALDEZ GAMEZ v. STATE

No. 33,768.   December 6, 1961
Motion for Rehearing Overruled January 17, 1962

*Billy Hall,* Littlefield, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $350.

Officer W. E. Briles testified that on the night in question, while on patrol duty in the city of Hereford, he heard a noise which sounded like wood "pulling away" from a building; that he then observed a pickup truck backing up and driving away from a cafe building which he pursued across Highway 385 and on Higgins Street for approximately one-half mile, during which time it was being operated "all over the road" with no lights; that when he brought the pickup to a halt he ascertained that appellant was the operator of the vehicle. Officer Briles, in describing appellant's actions and appearance after being stopped, testified that he could smell beer on his breath; that he talked with a "thick tongue"; that he "staggered" and expressed his opinion that appellant was intoxicated. He further testified that he found some beer in the pickup appellant was driving. Officer Donald R. Metcalf, who was called to the scene, corroborated Officer Briles in his description of appellant's actions and appearance and expressed his opinion that appellant was intoxicated.

It was shown that following his arrest, appellant was taken to a hospital where, with his written consent and in the presence of Officer Briles, a blood specimen was taken from him by a nurse, put in a test tube and after being sealed, placed in a

container and mailed to the laboratory of the State Department of Public Safety at Lubbock. Officer Briles identified State's Exhibit No. 2 as the test tube which he mailed.

Chemist and Toxocologist H. Wayne Anderson, of the Department of Public Safety, identified State's Exhibit No. 2 as a test tube which he received in the U.S. mail at the laboratory in Lubbock. He stated that after breaking the seal on the tube he performed a test on the blood specimen therein which showed that the blood contained .15% alcohol by weight. Chemist Anderson, after reviewing the recognized levels of alcohol concentration in a person's blood which the National Safety Council and American Medical Association deem a person intoxicated, expressed his opinion that the person from whom the blood specimen was taken was intoxicated.

Testifying as a witness in his own behalf, appellant admitted driving the pickup truck on the night in question and having consumed two beers, but denied that he was under the influence of intoxicating liquor.

Appellant also called character witnesses who testified that his general reputation for being a peaceable and law abiding citizen and for truth and veracity was good.

By bill of exception No. 1 appellant complains of the court's action in overruling his motion to quash the complaint and information on the ground that it was not alleged that he drove the motor vehicle upon *a public highway*. In charging the offense, the complaint and information alleged that appellant operated the motor vehicle upon *a public road*. Art. 802, V.A.P.C., in defining the offense of driving while intoxicated, makes it unlawful to drive or operate a motor vehicle upon a public road or highway. A "public road" has been held to be a "public highway" within the meaning of the statute. Anderson vs. State, 149 Tex. Cr. R. 423, 195 S.W. 2d 368. We find no error in the bill.

Bill of Exception No. 2 presents appellant's objections to the court's charge. Appellant objected to the charge as a whole on the ground that the charge as drawn, "shifts the burden of proof and requires the defendant to prove his innocence." While appellant's objection was too general to specifically point out where the charge was erroneous, we observe that the charge as

submitted to the jury properly placed the burden of proof upon the State. Appellant further objected to the charge on the ground that in submitting forms of verdict to the jury the court did not submit all of the forms of verdict which could be reached by the jury in the cause. The court submitted two forms of a verdict in the charge, one for a verdict of guilty and the other for a verdict of not guilty. No other form was requested by appellant. The forms of verdict submitted were sufficient.

Bill of Exception No. 4 presents appellant's contention that the trial court committed reversible error when during the voir dire examination of the jury panel he made the following statement:

"THE COURT: I don't know, it seems to me that the charge from the court—I believe if—Mr. Hall has made it pretty plain to the jurors that they consider only the evidence from the stand and base that on the charge of the court. I don't know whether we ought to place—if we hold a vote here, everyone might be a little prejudiced one way or the other. If we put it on this basis, we might not have enough jurors to conduct this trial."

The bill certifies that appellant's objection to the statement was overruled and his request for a mistrial was refused.

We are unable to agree with appellant that the court's comment was such as to convey to the jury his opinion in the case, in violation of Art. 707, V.A.C.C.P. There is nothing in the court's statement which would be of benefit to the State or injurious to appellant, in the absence of which, no reversible error is shown. Huckert vs. State, 159 Tex. Cr. R. 368, 264 S.W. 2d 121.

Appellant complains of certain rulings by the court during the selection of the jury in the case.

Complaint is made to the court's action in overruling appellant's challenge for cause to one of the prospective jurors. The record does not show that appellant exhausted all of his peremptory challenges. Nor is it shown that the juror challenged or one who was objectionable to appellant served on the jury. In the absence of such a showing, appellant cannot predicate a reversal upon the ground that his challenge for cause was

erroneously overruled. I Branch's Ann. P.C. Supp. 2d Ed., Sec. 563, p. 114. Complaint is made to a certain statement made by the prospective juror Kerchan when on his voir dire examination, he stated, "maybe I don't exactly understand, under the law are you allowed to drive if you have one drink or a dozen?" We find nothing in the statement or inquiry by the juror which is injurious to appellant and calls for a reversal of the conviction. In his brief appellant complains of a statement made by the prosecuting attorney during his examination of the jury panel. The record does not reflect that appellant made any objection to counsel's statement; hence, no error is shown.

We have considered appellant's remaining bill of exceptions and find no reversible error therein.

The court did not err in permitting Officer Briles to testify that as the result of the search he found some beer in the pickup appellant was driving. The testimony of Officer Briles as to the manner in which appellant was driving the pickup, upon a public street, was sufficient to authorize his arrest without a warrant under the provisions of Art. 803, V.A.P.C. Granado vs. State, 161 Tex. Cr. R. 128, 275 S.W. 2d 680, and Mayo v. State, (page 34 of this volume) 344 S.W. 2d 685. The arrest of appellant being lawful, the incident search of the pickup truck was lawful. Mayo v. State, supra.

Nor did the court err in permitting Chemist Anderson to testify as to the results of the blood test over appellant's objection that it had not been shown that the blood specimen was properly taken from him and that the blood specimen had not been properly traced. The evidence was undisputed that the blood specimen was taken from appellant by a nurse at the hospital. It was further shown that the specimen was placed in a tube, sealed and mailed to the laboratory of the Deparment of Public Safety at Lubbock. Officer Briles identified State's Exhibit No. 2 as the blood specimen which was taken from the appellant in his presence and which he placed in the U.S. mail addressed to the laboratory at Lubbock. Chemist Anderson identified the same as the sample he received through the mail and after breaking the seal testing the same. Under such evidence the blood sample was shown to have been properly taken from appellant and was sufficiently traced. Mora vs. State, 159 Tex. Cr. R. 321, 263 S.W. 2d 787; Gilderbloom v. State, 160 Tex. Cr. R. 471, 27 S.W. 2d 106.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.