### BILLIE RAYMOND BROWN V. STATE

No. 34,580.    May 23, 1962
Motion for Rehearing Overruled June 30, 1962

*C. O. McMillan,* Stephenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for felony theft; the punishment, confinement in the penitentiary for two years.

The state's evidence shows that the injured party, Troy Fountain, was foreman on a bridge construction job for the Texas Highway Department in Brown County. When he went to work on the morning of January 13, 1961, he discovered that the tool house on the job had been broken into and certain items of property were missing. The property had been locked in the house the evening before and among the missing items were five tires, a case of Esso motor oil, a pavement breaker, and a jack-hammer.

The state's evidence further shows that on the morning of January 13, 1961, between the hours of one and two a.m., City Patrolman Cecil Stone met the appellant driving a pickup truck on Highway 377 in the city of Stephenville. Observing that the pickup was weaving on the road and being driven close to the center line, he turned his vehicle at a "Y" and proceeded to follow and stop the appellant just outside the city limits. At such time, a companion by the name of James Carr was riding with appellant. While following the appellant, Officer Stone observed the pickup he was driving "weaving over the center line and back". After stopping appellant, he observed that he had been drinking, and saw some truck tires, a jack-hammer, and some lubricating oil in the pickup.

Following his arrest, the officers recovered from the pickup one 825x20 U.S. Royal tire, one 750x20 Goodyear tire, one 900x20 National deep-tread tire and wheel, one 100x22 Firestone transport tire and tube, a case of twenty-two quarts of Humble Esso Extra motor oil, one pavement breaker, and one jack-hammer. The articles of property were identified by the injured party as property taken from his tool house in Brown County on the night in question. The injured party testified that the property was taken without his consent and that the value of the jack-hammer was $200. A padlock was also found in the pickup, which was identified by the injured party as having come from his gasoline tank.

The state's proof further shows that after appellant was re-

turned to Brown County, Deputy Sheriff Long obtained some scrapings of dirt from his shoes and from the shoes of his companion, Carr. The deputy then went to the scene of the crime and obtained a sample of dirt from the ground near the tool house. The three dirt samples were delivered to the crime laboratory of the Department of Public Safety for examination. Chemist P. W. Maupin, of the department, testified that he made several tests of the dirt samples; that a screen test showed that the samples had similar composition as to size of grains in the soil, an alkalinity test showed that the samples were slightly alkaline, and a spectographic analysis showed that the samples contained identical metallic elements. Chemist Maupin expressed the opinion that the three dirt samples were similar and could have come from the same place.

Appellant did not testify or offer any evidence in his behalf.

There are no formal bills of exception or objections to the court's charge, and no brief has been filed on behalf of the appellant.

We have examined the informal bills of exception appearing in the statement of facts and find no reversible error therein.

Appellant, by some of the bills, questions the legality of the search of the pickup by the officers without a search warrant.

The testimony of Officer Stone as to the manner in which appellant was driving the pickup upon the public highway and that he had been drinking and was "too tight" to be driving was sufficient to authorize his arrest without a warrant, under the provisions of Art. 803, V.A.P.C. Hurley v. State, 155 Texas Cr. Rep. 315, 234 S.W. 2d 1006; Granado v. State, 161 Texas Cr. Rep. 128, 275 S.W. 2d 680; Aaron v. State, 163 Texas Cr. Rep. 635, 296 S.W. 2d 264; and Mayo v. State, 344 S.W. 2d 685. The arrest of appellant being lawful, the incidental search of his automobile was lawful. Mayo v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.