**Robert Leo DUGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36666.**

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied April 22, 1964.

Randall C. Jackson, of Jackson & Jackson, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is driving while intoxicated; the punishment, thirty days in jail and a fine of $1,000.

The testimony of the state reveals that the appellant was driving a pickup upon a public highway at the time and place alleged, and after failing to observe a stop sign, the appellant upon a signal from the officers stopped his pickup.

The officers testified that after he stopped they observed his actions and conduct, and that he had the odor of intoxicants on his breath, and each expressed the opinion that he was intoxicated. They further testified that appellant gave his oral consent to the removal of a blood specimen for a test of its alcoholic content.

Chemist Merritt testified that an analysis of the blood specimen revealed that it had an alcoholic content of 0.29 per cent, which is indicative of intoxication.

The appellant did not testify or offer any evidence.

Appellant insists that the trial court erred in admitting evidence of a blood test, and in refusing his motion to strike such evidence, on the ground that his written consent was for a urine test instead of a blood test.

The testimony reveals that the appellant gave his oral consent to the taking of a blood specimen, that he was taken to a hospital where a physician removed a specimen of his blood and placed it in a container. The written consent of a person under arrest is not necessary for the taking of a specimen of his blood. Mora v. State, 159 Tex.Cr.R. 321, 263 S.W.2d 787; Owen v. State, Tex.Cr.App., 347 S.W.2d 264.

The evidence further shows that the appellant gave his written consent to the taking of a urine test. The fact that he gave his written consent to take a urine test is not inconsistent with and does not preclude the state from also having or obtaining his oral consent for a blood test.

Finding the evidence sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.