Danial Anthony **QUINTANA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41959.

Court of Criminal Appeals of Texas.

March 26, 1969.

Rehearing Denied June 11, 1969.

Ochsner, Nobles & Baughman, by Frank J. Baughman, Amarillo, for appellant.

William Hunter, Dist. Atty., Dalhart, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, death.

Appellant was apprehended by officers in the act of assaulting the prosecutrix in her home while she was nude. She testified as to penetration. The sufficiency of the evidence is not challenged.

Appellant's first ground of error is that the court erred in overruling certain of his challenges for cause. It is settled law in this State that for an appellant to complain of the court's overruling his challenges for cause, he must first have exhausted his peremptory challenges, Cook v. State, Tex.Cr.App., 398 S.W.2d 284, cert. den. 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed. 2d 678; Lehman v. State, 172 Tex.Cr.R. 626, 354 S.W.2d 586; and Gamez v. State, 171 Tex.Cr.R. 639, 352 S.W.2d 732. Because appellant had not used all his per-

emptory challenges at the times when his complained-of challenges for cause were overruled, these authorities are determinative of this ground of error. We have, however, gone beyond such decisive determination and read the entire transcription of the voir dire examination which convinces us that no juror who appellant challenged peremptorily was subject to a challenge for cause, nor was appellant forced to accept any juror who was not in all things qualified. The record reflects a most careful attempt on the part of the court, the prosecutor, and appellant's counsel to fairly and properly question and select the jury that tried appellant.

■ Appellant's third ground of error, discussed here because of its relevance to ground of error #1, is that the court erred in granting the State's challenges for cause made under Art. 35.16(b) (1), V.A.C.C.P., in light of the holding of the Supreme Court of the United States in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. Our reading of the voir dire proceedings had in the instant case shows that the examinations of the veniremen with regard to qualification on the death penalty were conducted in complete accordance with our holding in Pittman v. State, Tex.Cr.App., 434 S.W.2d 352, and do not violate the rule announced in Witherspoon. Accordingly, ground of error #3 is overruled.

■ As his second ground of error, appellant asserts that the appointment of his trial counsel, a lawyer who had been licensed to practice law only two and a half years at the time of the trial, who lived ninety miles distant from the place of the trial (but within the same judicial district) and who was unfamiliar with the community in which appellant was tried, was insufficient to secure his right to effective counsel. No attack is made upon the effectiveness of appellant's court appointed trial counsel; and if one were made, we would be inclined to overrule it for the record reflects a most diligent and effec-

tive presentation of appellant's case at the trial. What is contended is that the court, on its own motion, should have appointed a local attorney to assist appellant's trial attorney. No request by either appellant or his trial counsel for assistance was made. We can only conclude therefrom that appellant was satisfied with the efforts of his trial counsel, and that his trial counsel did not consider himself in need of local assistance. In the absence of such a request by either appellant or his lawyer, no error is presented. We further note, as stated above, that throughout the trial of appellant's case his court appointed attorney performed admirably, and the hearing on the motion for new trial revealed that said counsel was not without prior experience in criminal matters, having been counsel in eight or ten jury felony cases and having secured an acquittal in the only other capital case in which he participated.

■ There is a further ground for reversal urged in an amicus curiae brief filed herein—that the imposition of the death penalty in a non-murder case by jury which has been given absolute discretion without guidelines or standards with regard to the imposition of the death penalty is cruel and unusual punishment under the VIII and XIV Amendments to the United States Constitution.

This precise issue is presently before the Supreme Court of the United States in two cases, Boykin v. Alabama and Maxwell v. Bishop, 4 Cr.L. 4201. No opinions in such cases have been handed down at the date of this writing. The question is not one of first impression in this Court, Smith v. State, 437 S.W.2d 835 (delivered December 18, 1968), and in the absence of a contrary ruling from the Supreme Court of the United States, we are not inclined to overrule our holding in Smith, supra.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., and ONION, J., concur in the result.