**Charles L. LEGALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43485.**

Court of Criminal Appeals of Texas.

March 3, 1971.

Travis County; that at approximately 11:00 P.M. in the Pflugerville area, he saw a Buick automobile and a pickup truck stopped on the side of the highway; that he passed them and turned his patrol car around and "came up and stopped behind the pickup in order to ask if they needed any help or assistance"; that as he approached he noticed two persons pouring gasoline into the Buick, and another (the appellant) started moving toward the door of the pickup on the opposite side from where the officer was approaching; that he shined his flashlight through the pickup toward appellant, at which time he noticed "two clear cellophane sacks" on the seat of the pickup; that he could see that the sacks contained a green plant-like substance and, in his opinion, it was marihuana. Subsequently, appellant and his companions were arrested and searched, some of the same type substance was recovered from the person of appellant. A search of the Buick automobile and the pickup truck was conducted and additional substance was recovered. Laboratory test confirmed that the substance recovered was marihuana.

Philip Sanders, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is the unlawful possession of marihuana; the punishment, 3 years (probated).

The legality of the search of a Buick automobile, a pickup truck and the person of appellant is the ground of error complained of on appeal.

Officer Travis Raven, of the Texas Highway Patrol, testified that on the 2d day of December, 1968, he was on duty in

Relying on Pruitt v. State, Tex.Cr.App., 389 S.W.2d 475, appellant contends "that the search by aid of the light was an unlawful search." We do not agree that Pruitt v. State, supra, supports appellant's view. There, the automobile was stopped for a driver's license check and a search was conducted by aid of a flashlight; however, the officer testified that he stopped the appellant, not just to check his driver's license, but to gather evidence, if possible, for a possible violation of law. Also, the court stated that there would be no question of the admissibility of the evidence seized *if it had been in open view*. In the instant case, Officer Raven testified that he shined the light through the window of the pickup toward appellant, and incident thereto, saw the marihuana. Under these circumstances, he had the right to seize what he observed in open view. Lewis v. State, Tex.Cr.App., 439 S.W.2d 351; Gizzo v. State, 160 Tex. Cr.R. 593, 272 S.W.2d 898. After seeing

the marihuana, the arrest was lawful, Art. 14.01 Vernon's Ann. C.C.P.; and the search of appellant and the vehicles incident thereto was lawful. Newhouse v. State, Tex. Cr.App., 446 S.W.2d 697; Chamber v. State, Tex.Cr.App., 416 S.W.2d 826; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Mayo v. State, 171 Tex.Cr.R. 34, 344 S.W. 2d 685.

Finding no reversible error, the judgment is affirmed.