Harry Lee **FONTENOT**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 45459.

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Clyde Gordon, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Calvin Botley and Stanley Topek, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, thirty (30) days in jail and a fine of $100.

■ Appellant's first ground of error is that there was no probable cause for his arrest. Department of Public Safety Officer James Kownslar testified that he was directing highway traffic at the scene of an accident on the night in question when his attention was directed towards the appellant who was driving an automobile. He followed him and when the appellant stopped his car, the officer pulled up in front of him. The appellant got out of his automobile and he and the officer had a conversation. He testified that the appellant was unable to carry on a coherent conversation, was thick-tongued, unsure of his balance and had a strong odor of alcohol about him. Officer Kownslar expressed the opinion that appellant was intoxicated. Patrolman Thomas corroborated Kownslar's testimony as to the appellant's intoxication.

Appellant's first ground of error is that there was no probable cause for his arrest. This contention is without merit. Appellant was shown to have stopped his automobile on his own volition. The officer was then authorized, after observing his condition of intoxication, to place him under arrest. Hurley v. State, 155 Tex.Cr.R. 315, 234 S.W.2d 1006; Eddins v. State, 155 Tex. Cr.R. 202, 232 S.W.2d 676.

■ Appellant's second ground of error is that the evidence is insufficient to sup-

port the conviction. Both officers testified that appellant was intoxicated. Clearly this is sufficient to support the conviction. Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.