No. 04-00-00687-CR



Ronald R. STINSON,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court, Wilson County, Texas


Trial Court No. 22,558


Honorable Marvin Quinney, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: June 13, 2001


AFFIRMED


 This is an appeal from the trial court's denial of Appellant Ronald Stinson's motion to
suppress. Because Stinson's detention was based on reasonable suspicion and there was probable
cause to support his warrantless arrest, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 Stinson was charged with driving while intoxicated. See Tex. Pen. Code Ann. §49.04(a)
(Vernon Supp. 2001). Stinson filed a motion to suppress, asserting that the stop of his vehicle was
an illegal warrantless seizure. The trial court denied the motion, and Stinson entered a plea of no
contest pursuant to a plea agreement. The trial court sentenced Stinson in accordance with the
agreement.

STANDARD OF REVIEW

 When reviewing a trial court's ruling on a motion to suppress, we afford almost total
deference to the "trial court's determination of the historical facts that the record supports especially
when the trial court's fact findings are based on an evaluation of credibility and demeanor." Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give deference to the trial court's
determination of the historical facts, but we decide de novo whether the trial court erred in
misapplying the law to those facts. Id. at 88. De novo review is most frequently applied when the
appellate court is presented with a question of law based on undisputed facts. See Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim App. 1999). We review the trial court's decision on Stinson's motion
to suppress de novo because there is no dispute concerning the operative facts surrounding Stinson's
arrest.

 The uncontradicted testimony of the investigating DPS Troopers reveals the following:

 1. On the evening of July 8, 1999, Troopers Richard Bernhardt and E.T. Hughey
were patrolling on Highway 181 in Wilson County, Texas. While driving,
Bernhardt observed Stinson driving at a slow rate of speed behind the patrol
car.


 2. Bernhardt attempted to allow Stinson to pass; Stinson, however, continued
to drive behind the patrol car until Bernhardt pulled into a crossover and
Stinson was forced to pass the patrol car.


 3. After Stinson had passed the patrol car, he pulled into a service station.
Bernhardt then pulled into the service station to clean the windows of the
patrol car. While the patrol car was present in the service station, Stinson
remained in his vehicle. 


 4. Suspecting that Stinson would not exit his vehicle while they were present, the
officers left the service station. Later, after turning around, the officers
caught up with Stinson and followed him until he stopped in a church parking
lot and opened his driver side door at his own volition.

 

 5. Bernhardt approached Stinson's vehicle and identified himself. It was at this
time that Bernhardt observed that Stinson appeared to have chewing tobacco
smeared on his face, smelled of an alcoholic beverage, and had blood shot
eyes and an unsteady balance.

FOURTH AMENDMENT PROTECTION

 The purpose of the Fourth Amendment is to prevent arbitrary and oppressive interference with
the privacy and personal security of individuals. See State v Sanchez, 856 S.W.2d 166, 172 (Tex.
Crim. App. 1993). A person has been seized under the meaning of the Fourth Amendment only if a
reasonable person had believed that he was not free to leave. Davis v. State, 740 S.W.2d 541, 542
(Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). Courts recognize three categories of police-citizen encounters. See Florida v. Royer, 460 U.S. 491, 498 (1983). The first and least intrusive,
can be called "mere contact." Id. Contact occurs when an officer approaches an individual on the
street or other public place to ask questions. Id. The Fourth Amendment protections are not
applicable because the officer has not significantly interfered with the individual and their civil liberty. 
Id. Law enforcement officers do not violate the Fourth Amendment by merely approaching an
individual on the street. 

 The second category of contact is a Terry (1) type of investigative stop. A stop occurs when
an officer detains an individual by exerting official authority such that a reasonable person would
believe he is not free to leave. See Terry v. Ohio, 392 U.S. 1, 20 n.16 (1968). To make an
investigatory stop, a police officer must have specific articulable facts which, in light of his experience
and personal knowledge, together with other inferences from those facts, would warrant the intrusion
on the freedom of the appellant detained for further investigation. Id. at 21. This type of seizure is
permissible under the Fourth Amendment if the officer can demonstrate an articulable suspicion that
a crime has occurred or is about to occur. Id.

REASONABLE SUSPICION


 The initial approach of officer Bernhardt did not amount to an investigative stop. An officer
can even approach an occupied vehicle and knock on the window without effecting a "stop."
Merideth v. State, 603 S.W.2d 872 (Tex. Crim. App. [Panel Op.] 1980). Stinson stopped the vehicle
and opened his door by his own volition. When Bernhardt approached, Stinson was not yet detained.
It was not until Bernhardt observed that Stinson appeared to have chewing tobacco smeared on his
face, smelled of an alcoholic beverage, had blood shot eyes and had an unsteady balance that
Bernhardt detained Stinson. These facts created the reasonable suspicion necessary to justify a Terry
type investigation. The officer began a DWI investigation and Stinson was subsequently arrested.

PROBABLE CAUSE


 Probable cause to support the arrest of an individual by a police officer exists where "at the
moment of arrest, the facts and circumstances within the officer's knowledge and of which the officer
had reasonably trustworthy information were sufficient to warrant a prudent person in believing that
the arrested person had committed or was committing an offense." Hillsman v. State, 999 S.W.2d
157, 161 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). We consider the totality of the
circumstances in order to determine whether the facts were enough to give the police officer probable
cause to arrest the appellant. See Guzman v. State, 955 S.W.2d 85, 87 (Tex Crim. App. 1997).
Under this test, a reviewing court must find that the officer has specific articulable facts, which,
combined with rational inferences, lead the officer to conclude the detainee is, has been, or will soon
be engaged in criminal activity. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

 In Fontenot v. State, 486 S.W.2d 941 (Tex. Crim. App. 1972), the defendant stopped his
vehicle, exited on his own volition, and the officer was then authorized, after observing his condition
of intoxication, to place him under arrest. See Fontenot, 486 S.W.2d at 941. Fontenot is similar to
the instant case because Stinson of his own volition stopped his car and opened the driver side door.
The detention of Stinson did not begin until Bernhardt observed signs of intoxication. During further
investigation, Stinson exhibited signs of intoxication during a horizontal gaze nystagmus (HGN) test,
and then he refused to perform any more tests. Stinson was placed under arrest based upon sufficient
probable cause considering the HGN test and the evidence of intoxication which supported the initial
detention.

CONCLUSION


 Stinson was not seized under the meaning of the Fourth Amendment when officers merely
approached the vehicle after Stinson had stopped in a church parking lot because there was no
intrusion of his expectation of privacy. The officer at the moment of detention had sufficient
reasonable suspicion and at the moment of the arrest had probable cause because of the obvious
indications that Stinson was intoxicated. The detention and arrest did not violate the Fourth
Amendment. We affirm the trial court's judgment.

 Tom Rickhoff, Justice

Do Not Publish

1. Terry v. Ohio, 392 U.S. 1 (1968).