ALTON BARTON CONLEY V. STATE

No. 34,469.   April 4, 1962

*W. E. Martin,* (on appeal only), Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Edward Nesbit Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the possession of heroin, a narcotic drug; the punishment, five years' confinement in the penitentiary.

The State's proof shows that on the date alleged, certain officers, armed with a search warrant, went to an apartment located at 114 Linden Place in the City of Houston. After Officer Garthman knocked, appellant came to the door dressed in dark pants and a light colored sport shirt and opened the door as much as possible with the night latch chain fastened. Upon being informed that they were police officers, appellant turned and walked hurriedly toward the back of the house. Thereupon, Officer Garthman forced the door open and the officers went inside the apartment. When they entered, appellant was in the living room and proceeded to take his hand out of his right hand pants pocket and drop a small package to the floor. Officer Garthman recovered the package and found that it contained a capsule filled with white powder. An analysis of the contents of the capsule by Chemist and Toxicologist Floyd McDaniel disclosed that it contained approximately a grain of powder which was 30.4% pure heroin. In searching the apartment the officers observed a man's black sport coat draped over a chair in the living room in which they found a doctor's hypodermic syringe and two needles. An analysis of the syringe and one of the needles revealed that they contained 225 micrograms of heroin. The only other person present in the apartment when the officers entered was a woman who was asleep in a back bedroom. While the officers were in the apartment two couples came to the premises and were placed under arrest and searched. A search of the first couple disclosed that the man had three morphine tablets in his sock and the woman had six "red birds" on her person. No narcotics were found in the search of the second couple.

Appellant did not testify but offered evidence that the apartment was rented to one Dolores Hart who was not present at the time the officers entered and searched the same. The manager of the apartment upon being called as a witness testified that appellant had not been seen around the apartment at any time.

We find the evidence sufficient to sustain the conviction.

Appellant predicates his appeal upon one bill of exception which complains of the court's refusal to give his special requested charge which would have instructed the jury as follows:

"Gentlemen of the jury;

You will disregard any and all testimony, sights or sounds or evidence of any kind whatsoever, that you may have been exposed to in the course of this trial, concerning one hypodermic syringe and two hypodermic needles that were consistently offered by the prosecution and not admitted in evidence."

While the hypodermic syringe and two needles were never offered in evidence by the State, they were produced in court and identified by the witnesses as having been taken from the man's coat found in the living room of the apartment on the occasion in question. The finding of the syringe and needles was a part of the search by the officers and proof thereof was admissible. Aaron v. State, 163 Texas Cr. Rep. 635, 296 S.W. 2d 264, cert. den. 79 S. Ct. 599, 359 U.S. 919, 3 L. Ed. 2d 581 and Garcia v. State, 170 Texas Cr. Rep. 328, 340 S.W. 2d 803.

In refusing the requested charge, the court did not err.

The judgment is affirmed.

Opinion approved by the Court.