David Gonzales VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44089.

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

Rehearing Denied Nov. 30, 1971.

Walding, Almaguer & Montemayor, Dallas, by John W. Nix, Duncan (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., and James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of heroin; trial was before a jury. The punishment was assessed at thirty-five years.

Appellant was arrested in his residence pursuant to a search with warrant by Dallas police officers. The heroin was found on a table in the kitchen where appellant was seated, and certain other items (mostly narcotics paraphernalia) were found in another room which was occupied by other persons.

■ Appellant claims that the trial court erred in permitting counsel for the State to ask one of appellant's character witnesses, on cross-examination during the punishment stage, a question regarding specific acts of misconduct by appellant. The relevant testimony is set out below:

"Q So you didn't know too much about what he was doing, did you?

"A No, sir.

"MR. PILKILTON: Object to the reference of what he was doing. These cases are investigative and the D. A. knows it.

"THE COURT: Sustained.

"MR. PILKILTON: We ask that the jury disregard—

"THE COURT: (Interposing) You are to disregard the last statement by the Prosecutor, not to consider it for any purpose.

"MR. OVARD: Could I approach the bench on this?

"THE COURT: Yes, sir.

(Whereupon there was a discussion between the court and counsel at the court's bench out of the hearing of the jury and the reporter.)

"Q (By Mr. Ovard) Let me ask it like this: When you testified that the de-

fendant had always been a good boy, really, during this period, you haven't been around him very much to know what he has been doing, have you?

"A Well, I know he's been good boy. If he's been doing something bad, we don't know.

"Q You don't know about it when he does something bad?

"A No, sir."

(Counsel for the State had previously asked several "have you heard" questions of the witness, all of which elicited "we don't know" answers.)

Based on the above questions to which objection was made, no error is presented. The first ground of error is overruled.

■ Appellant urges, as his second ground of error, that the trial court improperly admitted into evidence certain items (mostly narcotics paraphernalia) which were seized during the course of a search, with warrant, of appellant's residence. In his brief, appellant complains that the search warrant allowed only a search for heroin, and that therefore the seizure of the other items was illegal.

Appellant filed a motion to suppress evidence prior to trial in which he challenged the *validity* of the warrant only, *not* the scope of the search or the seizures made pursuant thereto. A hearing was had on the motion, and testimony taken, the motion being then overruled by the trial court.

During the course of the trial, appellant objected to the admission into evidence of the various items of narcotics paraphernalia, relying either upon the grounds set forth previously in his motion to suppress evidence, or upon the ground that the particular items related to other persons on the premises at the time of the search and seizure, and not to appellant. A thorough examination of the record indicates that the ground of error raised by appellant in his brief on appeal, namely, that the search

warrant specified only heroin as the property to be seized and therefore the seizure of the additional items was illegal, was at no time raised in the trial court.

Since the ground of error raised by appellant in his brief on appeal was not raised in the trial court, and no opportunity was presented for the trial court to rule thereon, no question is presented for review. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728 (1969); Korb v. State, Tex.Cr.App., 402 S.W.2d 166 (1966); Cork v. State, Tex.Cr.App., 362 S.W.2d 316 (1962); Cedillo v. State, 165 Tex.Cr.R. 371, 307 S.W.2d 267 (1957).

In any event, the mere fact that the search warrant specified only heroin would not preclude the seizure of fruits and instrumentalities of crime, or of contraband, found by officers lawfully on the premises. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968); La Rue v. State, 149 Tex.Cr.App. 598, 197 S.W.2d 570 (1946). Appellant cites no authorities whatsoever in support of his contention.

Although appellant's brief is not clear on the point, he seems also to contend that certain of the seized items were inadmissible for the reason that they were irrelevant. The items about which he complains were various items of narcotics paraphernalia which were found in the bathroom of the house where appellant was arrested. Appellant was detained in the kitchen of the house while other officers searched the bathroom where they seized the items. At that time, three other persons were occupying the bathroom.

The record reflects that one item about which appellant complains, a "tie-off rag" was not offered into evidence.

As to the remaining items, they were seized during the original search and were found on the premises described in the warrant. They were properly admitted. Conley v. State, 172 Tex.Cr.R. 203, 355 S.W.2d 716 (1962); Garcia v. State, 170 Tex.Cr.R. 328, 340 S.W.2d 803 (1960); Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264 (1956), cert. denied, 359 U.S. 919, 79 S.Ct. 599, 3 L.Ed.2d 581.

Since these items were properly admitted, the court did not err in refusing to include appellant's requested limiting instruction in the charge.

Appellant further urges as his third ground of error that the State failed, upon timely objection by appellant, to produce and offer into evidence the search warrant used by the arresting officers. This contention is without merit.

The record reflects that appellant offered into evidence at a hearing on his motion to suppress evidence before the same judge, out of the presence of the jury, the search warrant and affidavit, and both are included in the record on appeal. At this hearing, testimony of both the arresting officers and the affiant was heard. The court, after hearing such testimony, overruled the motion.

In that the warrant and affidavit were both before the court, and were made part of the record, we fail to perceive any reason why the State also should be required to produce and offer them into evidence.

Since both were offered into evidence, albeit by appellant, and considered by the court,[1] no further purpose would have been served by their later being offered by the State.

In view of the fact that the warrant and affidavit were properly introduced into evidence, we see no need to discuss the various circumstances in which the State may be

---

1. "The presumption is that upon inspection the trial court found the search warrant regular and sufficient, otherwise the objection would have been sustained." James v. State, 146 Tex.Cr.R. 456, 175 S.W.2d 966, 967 (1943).

required to produce the warrant. See, e. g., Ortega v. State, Tex.Cr.App., 464 S.W.2d 876 (1971); Mattei v. State, Tex.Cr.App., 455 S.W.2d 761 (1970).

Appellant urges as his fourth and fifth grounds of error that the court erred in permitting a witness for the State to testify to the use of a "burnt spoon" and a "tie-off rag." Two "burnt spoons" were among the items seized in the bathroom and offered into evidence. The "tie-off rag," although not offered into evidence, was also seized in the bathroom, it being found on the arm of one of the persons in the room at the time. The admission of the testimony was not error. Conley v. State, 172 Tex.Cr.R. 203, 355 S.W.2d 716 (1962); Garcia v. State, 170 Tex.Cr.R. 328, 340 S.W.2d 803 (1960).

Appellant asserts as his sixth ground of error that the court erred in shuffling the jury cards of the veniremen summoned to hear the case with those of all remaining petit jurors in the central jury room. This contention is without merit.

The record reflects that appellant filed a written motion prior to trial, which was granted by the court, requesting that the jury cards be shuffled in the manner about which he now complains. Further, the record indicates that appellant's counsel at trial was allowed to shuffle the cards in the manner requested by appellant in his motion (and about which he now complains). No objection was made to this procedure. While this procedure is not in accord with Art. 35.11, Vernon's Ann. C.C.P., nevertheless, appellant's failure to object at trial to the procedure followed by the court (which was the procedure he had requested), precludes review of the action of the trial court by this Court. Hawkins v. State, Tex.Cr.App., 426 S.W.2d 879 (1968); Bellah v. State, 415 S.W.2d 418 (Tex.Cr.App.1967).

The judgment is affirmed.