Aubrey **SANDERS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–94–291–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 16, 1995.

Rehearing Overruled Dec. 14, 1995.

Nora Colleen Ryan, Houston, for Appellant.

Jim Vollers, Austin, Robert E. Bell, Criminal District Attorney, Edna, for Appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Aubrey Sanders, Jr. appeals his conviction for burglary of a habitation with a finding that he used or exhibited a deadly weapon. Among other points of error, Sanders complains that the trial court committed reversible error in the jury selection process. We reverse and remand for a new trial.

## FACTS OF THE CASE

On May 31, 1994, the trial court attempted to select two juries from a single venire for this case and *State v. Marcia Gardner*, 92-8-4789-CR. The two cases were unrelated. Sanders and his trial attorney were present for the Gardner voir dire but did not participate. The record does not reflect whether they were prohibited from participating or whether they simply failed to do so.

Attorneys for both Sanders and Gardner were present for the Sanders voir dire. Before the court seated Sanders' jury panel the court initiated the following exchange:

THE COURT: Okay. Now, do you want a—do you want the jury seated originally or do you want a shuffle?

[SANDERS' COUNSEL]: We'd like a shuffle from the original list, Your Honor.

THE COURT: You want a shuffle? Okay.

[SANDERS' COUNSEL]: And, Your Honor, we would also at this time object to the use of any of the 12 members placed on the first jury. I think that would be a violation of the oath, that once they're sworn in today, prior to our selection, they're serving on a jury after that oath's given, and we would object to the use of any of those 12 members on our venire.

PROSECUTOR: Off the record. (Thereupon, a discussion off-the-record was held, after which the following proceedings occurred, to-wit:)

THE COURT: All right, the State has objected so I'm going to overrule the Defense Counsel's motion—objection.

Anything else before I seat them?

[SANDERS' COUNSEL]: Nothing else, Your Honor.

THE COURT: All right, go ahead and seat them.

[SANDERS' COUNSEL]: Just as far as procedure, are you seating them and we're going to—you're going to seat them before you pull these and start them?

THE COURT: I'm going to seat them, pull [the Gardner jurors] out and swear them in and let them go right back.

A review of the record and arguments indicates that the trial court then shuffled the jury panel which included the Gardner jurors.

After seating the entire panel, the court pulled the Gardner jurors from the shuffled venire and directed them into the jury box. The court stated:

[THE COURT]: All right, this is in Cause Number 92–8–4788 styled the State of Texas versus Marcia Gardner. All right, would you swear the jury, please. (Thereupon, the jury was sworn by the clerk . . .)

Be seated please. All right. Ladies and gentlemen of the jury panel, you have been selected to serve on the jury and I will— later I will have some additional instructions for you. . . . Now, in a moment I'm going to seat you back, you'll have another opportunity. . . . And then again, you may or may not be selected to serve on the jury in the [Sanders] case. . . .

Attorneys for both defendants objected to the court's attempt to reseat the Gardner jurors. The trial court released the Gardner jurors, ordering them to return the following week for the Gardner trial, then voir dire commenced on the Sanders case.

By his first and second points of error, Sanders complains that he was denied the opportunity to view the panel of prospective jurors before the venire was shuffled.

## DISCUSSION

The defendant's right to a jury shuffle is absolute. *Williams v. State,* 719 S.W.2d 573, 575 (Tex.Crim.App.1986). It is automatic reversible error for the trial court to refuse a timely urged motion by the accused or his counsel to shuffle the names of the members of the jury panel. *Yanez v.*

*State,* 677 S.W.2d 62, 69 (Tex.Crim.App. 1984).

If the trial court has seated the venire in the courtroom and the accused moves, either orally or in writing, for a shuffle of the venire, then the motion to shuffle is timely. *Yanez,* 677 S.W.2d at 69.

The procedure for conducting a jury shuffle is set out in Article 35.11 of the Code of Criminal Procedure. Article 35.11 reads as follows:

The trial judge, upon demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the member of the general panel drawn or assigned as jurors in the case. The clerk shall randomly select the jurors by a computer or other process of random selection and shall write or print the names, in the order selected, on the jury list from which the jury is to be selected to try the case. The clerk shall deliver a copy of the list to the State's counsel and to the defendant or his attorney.

Tex.Code Crim.Proc.Ann. art. 35.11 (Vernon Supp.1995).

Article 35.11 requires that counsel for either the State or the defendant be allowed to view the venire seated in the courtroom in proper sequence and thereafter allowed to exercise his or her option to have the names shuffled. *Davis v. State,* 782 S.W.2d 211, 214 (Tex.Crim.App.1989); *Stark v. State,* 657 S.W.2d 115, 116 (Tex.Crim.App. 1983). We find that the trial court did not conform to the requirement of Article 35.11 when it shuffled Sanders' panel which included jurors already selected to serve on another case. The twelve jurors selected to serve on the Gardner jury could not be considered "prospective jurors" for the Sanders case. The shuffle should not have occurred until only those prospective jurors who were to make up the venire were seated for Sanders to view. *Yanez,* 677 S.W.2d at 68. Sanders was correct in objecting to a shuffle prior to their exclusion because, by conducting the shuffle in that manner, the court denied him the opportunity to view the prospective panel

members seated in their proper order. A defendant cannot intelligently exercise his right to a shuffle without seeing the panelists seated in the order in which they will be called. *Scott v. State,* 805 S.W.2d 612, 614 (Tex.App.—Austin 1991, no pet.). We, therefore, sustain appellant's second point of error.

Since this point of error is dispositive of the appeal, and Sanders does not challenge the sufficiency of the evidence in any of his remaining points of error, we do not address the remaining points of error. TEX.R.APP.P. 90(a).

Accordingly, we REVERSE the judgment of the trial court and REMAND this case for a new trial.