**Aubrey SANDERS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 234–96.

Court of Criminal Appeals of Texas. En Banc.

April 2, 1997.

Nora Colleen Ryan, Bay City, for appellant.

Robert E. Bell, District Attorney, Edna, Jim Vollers, Austin, Matthew Paul, State's Atty., Austin, for State

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

KELLER, Judge.

A jury convicted Appellant of burglary of a habitation and assessed his punishment at confinement for life and a fine of $10,000. This conviction was reversed. *Sanders v. State,* 911 S.W.2d 227 (Tex.App.—Corpus Christi 1995). We granted the State's petition for discretionary review to decide whether the Court of Appeals correctly determined that Appellant was denied his absolute right

to a jury shuffle under Article 35.11, V.A.C.C.P.[1] We will reverse.

The jury selection process used in this case was unusual. Two juries, Appellant's and Gardner's,[2] were to be chosen from one panel. The prosecutor and Gardner's counsel examined the venire on May 31, 1994, and Appellant and his counsel were present for this part of the proceedings. The Gardner voir dire was completed on that same day. On June 1, 1994, the trial court called Appellant's case, and after some preliminary motions were heard, the following transpired:

> THE COURT: Okay. Now, do you want a—do you want the jury seated originally or do you want a shuffle?
>
> APPELLANT'S COUNSEL: We'd like a shuffle from the original list, Your Honor.
>
> THE COURT: You want a shuffle? Okay.
>
> APPELLANT'S COUNSEL: And, Your Honor, we would also at this time object to the use of any of the 12 members placed on the first jury. I think that would be a violation of the oath, that once they're sworn in today, prior to our selection, they're serving on a jury after that oath's given, and we would object to the use of any of those 12 members on our venire.

The trial court overruled this objection after an off-the-record discussion. The jury panel was seated in its original order, the Gardner jurors were sworn in as jurors in that case, and the shuffle in the instant case was conducted. Before either the prosecutor or Appellant's counsel addressed the panel, Gardner's counsel objected to the use of any of the Gardner jurors in Appellant's voir dire or trial, claiming that this experience would prejudice them against Gardner. After some discussion, the State agreed that the Gardner jurors should not remain on Appellant's panel as potential jurors. The trial court then informed Appellant's counsel that the State

had agreed to his objection to exclude those jurors. Appellant's counsel responded, "Thank you, Your Honor," and voir dire commenced.

On appeal, Appellant argued that the record reflected he was not allowed to see the panel seated in the courtroom before he requested a shuffle, which, according to *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983), violated Art. 35.11. He also argued that the shuffle the trial court ordered was *sua sponte*, because it included the Gardner jurors, and the shuffle he requested, without the twelve, was denied. Appellant's rationale was that he objected to the trial court's shuffle because it included the Gardner jurors.

The Court of Appeals reversed the conviction, adopting a hybrid of Appellant's two arguments. It held that Appellant was not allowed to see the jury panel seated in order because of the initial inclusion of the Gardner jurors. *Sanders*, 911 S.W.2d at 229. It held that because they were to serve on the Gardner jury, they could not be "prospective jurors" in Appellant's case; therefore, it was error for them to be on Appellant's panel and in the shuffle. *Ibid.* The Court of Appeals concluded:

> The shuffle should not have occurred until only those prospective jurors who were to make up the venire were seated for Sanders to view. Sanders was correct in objecting to a shuffle prior to their exclusion because, by conducting the shuffle in that manner, the court denied him the opportunity to view the prospective panel members seated in their proper order.

*Id.* at 229–30 (citation omitted)

The crux of Appellant's argument and the holding of the Court of Appeals was that the Gardner jurors should never have been on the jury panel, and shuffling their names

---

1. Art. 35.11 provides:

    The trial judge, on the demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the members of the general panel drawn or assigned as jurors in the case. The clerk shall randomly select the jurors by a computer or other process of random selection and shall write or print the

    names, in the order selected, on the jury list from which the jury is to be selected to try the case. The clerk shall deliver a copy of the list to the State's counsel and to the defendant or his attorney.

2. The Gardner trial, which was unrelated to Appellant's, was scheduled to begin after Appellant's trial.

with the names of the "true" prospective jurors tainted the shuffle and was not what Appellant requested.[3] We recently addressed the issue of interim jury service, and held that, "[I]f a trial judge intends to select more than one jury from a single venire, the venire members selected to serve as jurors must be excluded from the venire from which the other jurors will be selected." *Linnell v. State*, 935 S.W.2d 426, 430 (Tex.Crim.App. 1996). We held that interim jury service denies the parties the intelligent exercise of their peremptory challenges because when picking two juries from the same venire, it is impossible to question the interim jurors about jury service which has not yet taken place.

■ The resolution of this case does not turn on the propriety of interim jury service because the Gardner jurors were eventually removed from the panel. Appellant was not denied the opportunity to exercise his strikes intelligently because the jurors who were later to serve on the Gardner panel were removed from the panel in this case. What tainted the shuffle in this case was not the inclusion of the Gardner jurors but their later exclusion from the panel after they had been included in the shuffle. Appellant initially requested that they be removed and did not object to their later removal. In fact, Appellant acquiesced in their exclusion, thanking the trial court when it informed him the State had agreed to his objection.

Although the venirepersons were disqualified from service on Appellant's jury and the trial court should have excluded them when Appellant first objected, Appellant did not preserve error in his claim that the shuffle was tainted by their inclusion. If Appellant wanted a shuffle which would include only the veniremembers who would ultimately serve on his jury panel, he should have renewed his request for a shuffle after the

Gardner jurors were stricken. See *Yanez v. State*, 677 S.W.2d 62 (Tex.Cr.App.1984) ("A shuffle of the names of the persons who will make up the jury panel cannot take place until it is first determined just which persons will make up the jury panel for the case, and they are seated in the courtroom.")

■ Contrary to the Court of Appeals' conclusion, Appellant was given the right to see the prospective jurors in the order in which they would be seated before he requested a shuffle. Because the Gardner jurors were members of the jury panel at the time the shuffle was requested and conducted, Appellant saw the prospective jurors seated in order in the courtroom. By not requesting a shuffle after the Gardner jurors were removed, Appellant has not preserved error in his claim that his shuffle improperly included persons who did not ultimately sit on the jury panel.[4]

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court to address Appellant's remaining points of error.

OVERSTREET, J., concurs in the result.

BAIRD, Judge, concurring.

Unlike the majority, I believe the instant issue was preserved for appellate review. Therefore, I would address the merits and find the trial judge did not violate Tex.Code Crim.Proc.Ann. art. 35.11 by removing the previously selected jurors after the shuffle of appellant's venire.

### I.

In light of our recent opinion in *Linnell v. State*, 935 S.W.2d 426 (Tex.Cr.App.1996), it is clear the trial judge was required to exclude from appellant's venire those who had been

---

3. Appellant did not argue separately on appeal that the trial court erred by not initially granting his motion to exclude the Gardner jurors. Rather, he assumed those jurors were unqualified to serve on his jury and incorporated this assumption into his points of error concerning the shuffle.

4. After voir dire was completed, Appellant argued that including the Gardner jurors in the

shuffle and then removing them rendered his request for a shuffle ineffectual. He requested that he be allowed to select a jury from a different venire. This was Appellant's first objection to the shuffle, and was untimely. See *Latham v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983) (motion to shuffle made after voir dire commenced was untimely).

selected for interim jury service.[1] That these jurors/veniremembers were removed from the venire after the shuffle is not error; there was no need for a second shuffle.

## II.

Additionally, I believe the Legislature should consider repealing art. 35.11. It appears the statute's day has passed in light of the enactment of Tex.Gov't.Code Ann. § 62.001 (Vernon's 1995), which requires the venire to be drawn from the names of all persons currently registered to vote in the county, all citizens of the county currently holding a valid Texas driver's license and all citizens currently holding a valid personal identification card or certificate.

With these comments, I join only the judgment of the Court.

---

1. Specifically, *Linnell* holds:
   ... if the trial judge intends to select more than one jury from a single venire, the veniremembers selected to serve as jurors must be excluded from the venire from which the other jurors will be selected.
   *Id.,* 935 S.W.2d at 430.