Leon Jerome JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–95–114–CR.

Court of Appeals of Texas,
Corpus Christi.

April 24, 1997.

Rehearing Overruled May 22, 1997.

Eleanor C. Barnes, Houston, for appellant.

Robert E. Bell, Criminal District Attorney, Edna, Jim Vollers, Austin, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

YANEZ, Justice.

A jury found appellant, Leon Jerome Johnson, guilty of attempted capital murder. TEX.PENAL CODE ANN. §§ 15.01, 19.03(a)(7) (Vernon 1996). The jury sentenced him to ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice plus a $10,000 fine. By four points of error, appellant challenges the denial of a request for a jury shuffle, the legal sufficiency of the evidence, and the jury argument of the prosecutor. We reverse and remand.

On the evening of January 16, 1994, a fight between two men at the Sassy Dancer club in Edna, Texas, erupted into a brawl among many of the patrons. Amid the fray, gunmen at the front door repeatedly fired shots into the club. Two persons were seriously injured. Witnesses identified appellant as one of the gunmen.

By his first point of error, appellant argues that the trial court erred in denying his motion for a jury shuffle. The State maintains that counsel for appellant secured a shuffle of the jury prior to the seating of the jury, and that this constituted the one shuffle to which appellant was entitled. The State also argues that counsel's acquiescence to a jury shuffle conducted before the jury was seated in the courtroom, and before qualification of the venire, constitutes a waiver of appellant's right to view the venire seated before requesting a shuffle. The State further contends that no error was committed by the trial court granting appellant's request for shuffle without first going through the act of bringing a jury into the courtroom and seating it in its original order.

By Article 35.11 of the Texas Code of Criminal Procedure, a defendant, counsel for the defendant, or counsel for the State has the right to demand that the trial judge shuffle the names of the prospective jurors for trial. TEX.CODE CRIM.PROC.ANN. art. 35.11 (Vernon Supp.1997). This provision gives the parties to a case an absolute right to a jury shuffle upon timely demand. *Wilkerson v. State*, 681 S.W.2d 29, 30 (Tex.Crim. App.1984); *Latham v. State*, 656 S.W.2d 478, 479 (Tex.Crim.App.1983); *Smith v. State*, 648

S.W.2d 695, 696 (Tex.Crim.App.1983);. A defendant does not have the right to demand that the panel be continually shuffled after his first motion has been granted. *Smith,* 648 S.W.2d at 696.

A shuffle cannot take place, however, until it first is determined precisely which persons will constitute the jury panel for the case. *Yanez v. State,* 677 S.W.2d 62, 68 (Tex.Crim.App.1984); *Sanders v. State,* 911 S.W.2d 227, 229 (Tex.App.—Corpus Christi 1995), *rev'd on other grounds,* 942 S.W.2d 3 (Tex.Crim.App.1997). The parties have the right to view the entire venire in proper sequence and then have the names shuffled. *Davis v. State,* 782 S.W.2d 211, 214 (Tex. Crim.App.1989); *Williams v. State,* 719 S.W.2d 573, 575 (Tex.Crim.App.1986); *Stark v. State,* 657 S.W.2d 115, 116 (Tex.Crim.App. 1983); *Eldridge v. State,* 666 S.W.2d 357, 358 (Tex.App.—Dallas 1984, pet. ref'd). A defendant cannot be deemed to have exercised his right to a jury shuffle without having had the opportunity to present the motion for a shuffle to the judge. *Id.* The shuffle statute, moreover, contemplates that jury shuffles will be performed in the courtroom. *Stark,* 657 S.W.2d at 116. Shuffles performed outside the courtroom are proscribed practices if they are the defendant's only opportunity to have the jury shuffled. *Id.* A defendant has the absolute right to a "reshuffle" if the original shuffle was caused by someone other than the State, such as the trial judge or court personnel. *Wilkerson,* 681 S.W.2d at 30; *Smith,* 648 S.W.2d at 696. A shuffle executed by a district court clerk prior to the seating of the panel also does not satisfy the defendant's right to a jury shuffle. *Stark,* 657 S.W.2d at 116. But where the defendant filed a written pretrial motion requesting that a shuffle be conducted in a particular manner, the motion was granted, and the defendant did not object to the implementation of the procedure, he may not complain on appeal of the denial of his right to a jury shuffle. *Valdez v. State,* 472 S.W.2d 754, 757

(Tex.Crim.App.1971); *Turner v. State,* 828 S.W.2d 173, 177 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd), *cert. denied,* 507 U.S. 1037, 113 S.Ct. 1865, 123 L.Ed.2d 485 (1993).

The refusal of a trial judge to comply with a defendant's timely request for a jury shuffle constitutes reversible error, and the aggrieved defendant need make no showing of harm. *Jones v. State,* 833 S.W.2d 146, 148 (Tex.Crim.App.1992); *DeLeon v. State,* 731 S.W.2d 948, 949 (Tex.Crim.App. 1987); *Williams,* 719 S.W.2d at 575; *Smith,* 648 S.W.2d at 696. For a noncapital felony offense, a motion to shuffle is untimely if presented after *voir dire* has commenced. *Williams,* 719 S.W.2d at 575. A motion to shuffle also is untimely if presented after the implementation of the jury selection procedures set forth in defendant's written pretrial motion. *Valdez,* 472 S.W.2d at 754.

The record in the instant case reflects that on the morning of the first day of trial, February 6, 1995, the prosecutor said to the trial judge, "we need on the record that the defense counsel has asked for a shuffle prior to the jury being seated, because she has a right to have them seated."[1] The judge responded, "I know. She said she doesn't want them seated that way." The prosecutor replied, "I understand." Following this exchange, at 10:05 a.m., jury panel was seated, sworn, and qualified. At 10:30 a.m., the jury panel left the courtroom, in order for proceedings to be held outside their presence. At 11:10 a.m., the jury panel returned to the courtroom and was seated. Counsel for appellant then asked "that the jury be shuffled again," pointing out that her client was black and that the only black person on the venire was seated in the very back of the courtroom. The judge answered, "All right. The panel was shuffled at the request of the Defendant and the Defendant is now asking for a second shuffle?" Counsel for appellant replied, "Yes, Your Honor." Counsel for appellant then explained,[2]

---

1. There is no record of events in the courtroom prior to this exchange. Page two of the first volume of the statement of facts begins, in substance, "Your Honor, in all due respect, we need on the record ..."

2. Appellant's brief intimates that it was the district clerk who initially inquired with appellant's counsel about whether she wanted the venire shuffle, and the suggestion is not disputed by the State in its brief. Counsel for appellant submitted with her appellate brief an affidavit in sup-

Initially, I was asked did I want the jury panel to come in in the order they have already been written down in, the order they had been selected, or did I want them to come in in another manner. I said it didn't matter because I was going to ask for a shuffle in that the jury was only being qualified at that particular time.

The prosecutor took no issue with her position that someone asked her about a jury shuffle during juror qualification or that her initial reply was that "it didn't matter." He simply maintained that appellant's counsel nevertheless requested a shuffle, that the defendant was entitled to only one shuffle under law, and that in requesting a shuffle during qualification, counsel for appellant waived appellant's right to have the jury seated before requesting a shuffle. Appellant's counsel replied, "Well, then, Your Honor, I'm also asking that this jury array be dismissed and that a new one be brought." The judge denied the motion for a "reshuffle" and the motion for a new array.

Upon review of these events, we find the following dispositive: No written pre-trial motion from appellant requesting a jury shuffle prior to juror seating or qualification is on record. The record reflects that prior to the seating and qualification of the venire, counsel for appellant was asked whether she wanted the jury to enter the courtroom in the order of their names on paper. She expressed her indifference to this question, because she planned to move for a jury shuffle after qualification. Hence she did not waive her right to view the jury panel seated before requesting a shuffle, as the State would contend, but rather attempted to preserve it. The record indicates that some reordering of the jury proceeded to occur, nevertheless, by appellant's acquiescence, but a *bona fide* "jury shuffle" cannot take place until it first is determined which persons will constitute the jury panel. Whatever "shuffling" occurred, it preceded qualification. It also is not clear that the venire reordering that did occur was performed in the courtroom. There is no dispute that appellant's

post-qualification motion for a shuffle preceded *voir dire*, so timeliness is not an issue. We hold that the trial court erred in denying appellant's motion for a "reshuffle" of the jury, as the shuffle relied upon by the court for its ruling was legally incompetent. Point of error one is sustained.

Before ordering a new trial, however, we will address appellant's second point of error, by which he attacks the legal sufficiency of the evidence sustaining the jury's verdict, because such a challenge implicates the possibility of acquittal. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App.1996). Citing us to *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) as the appropriate standard of review, appellant argues that on the basis of the evidence presented, it was impossible for the jury rationally to determine that appellant attempted to kill any more than one of the persons named in the indictment or jury charge.

■■■ A *Jackson* challenge to the sufficiency of the evidence is a challenge to the "legal sufficiency" of the evidence. *Clewis*, 922 S.W.2d at 132–33. Under *Jackson*, the reviewing court inquires whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Sufficiency of the evidence is measured against the indictment as incorporated into the jury charge. *Fisher v. State*, 887 S.W.2d 49, 55 (Tex.Crim.App.1994) (citing *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Crim.App.1982) (opinion on State's second motion for reh'g), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984)); *Meador v. State*, 941 S.W.2d 156, 158 (Tex.App.—Corpus Christi 1996, pet. ref'd). The jury is the sole trier of fact and may judge the credibility of witnesses, reconcile conflict in testimony, and accept or reject any evidence presented by either side to the case. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991);

port of point of error one and explaining events relating to the jury shuffle issue in more detail. We are aware of no authority, however, that would allow us to consider this attempt to sup-

plement the trial record in reaching our decision in this case. *See* Tex.R.App.P. 51; *cf.* Tex.R.App.P. 74(f). We therefore decline to take notice of the affidavit.

*Garza v. State,* 937 S.W.2d 569, 570 (Tex. App.—San Antonio 1996, pet. filed); *see also Clewis,* 922 S.W.2d at 133 (discussing the latitude that legal sufficiency review allows to the trier of fact for the resolution of conflicts in the testimony, weighing of the evidence, and drawing of inferences).

 The indictment against appellant charges that on January 16, 1992, he "attempted to murder more than one person during the same criminal transaction," and it names the following individuals as those he attempted to kill intentionally and knowingly with a firearm: William Van Ramey, Richard Earls, Raymond Zamora, Eva Zamora, Marvin Caesar, Edie Mae Snyder, James Marvin Jones, Francis Caesar, and Carolyn Brown. The jury charge tracks the indictment in relation to the attempted capital murder charge and the persons named by it as intended victims, but for Marvin Caesar and Raymond Zamora. It also instructs the jury that appellant is guilty of the offense charged if they find that he attempted to cause the death of any two or more of the persons named by the charge as intended victims. Three witnesses for the State testified that appellant was one of several gunmen who fired shots into the Sassy Dancer club from its front door on January 16, 1993. Kenneth Gardner testified that three persons shot several rounds into the club from its front door, and that appellant was one of the gunmen. Will Turner testified that he witnessed three persons shoot into the club from the front door area and that appellant was one of the gunmen. Ta'Meka Robinson testified that appellant was one of the persons shooting into the club that evening. William Van Ramey testified that he was inside the club when the shooting occurred; that he saw appellant at the doorway with a gun; that appellant looked at him while repeating an epithet; that appellant then shot at him as he dove under a pool table; and that he, Van Ramey, heard several shots fired. It is undisputed that Van Ramey was shot in the leg. It is undisputed that Richard Earls was inside the club when the shooting occurred and that he was shot in the chest. Russell Johnson, a firearms and tool mark examiner for the Texas Department of Public Safety, testified that the bullet taken from the chest of

Earls and the bullet that went through the leg of Van Ramey were fired from the same weapon. Edna Police Department Sergeant Clinton Wooldridge, who was the investigator for this case, testified that on the basis of his investigation, the following persons were inside the Sassy Dancer when the shooting occurred: Van Ramey, Earls, Raymond Zamora, Eva Zamora, Edie Mae Snyder, James Marvin Jones, Francis Caesar, and Carolyn Brown. We hold that the evidence was legally sufficient. Point of error two is overruled.

By our holdings on these first two points of error, we need not address appellant's remaining points of error.

Accordingly, we reverse the judgment of the trial court and remand this cause for a new trial.