Leon Jerome JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 872–97.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 30, 1998.

Eleanor Barnes, Houston, for appellant.

Jim Vollers, Special Prosecutor, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted Appellant of attempted capital murder and assessed punishment at ninety-nine years of confinement and a $10,000 fine. On appeal, Appellant contended the trial court erred in denying his motion for a jury shuffle.[1] The State asserted that Appellant's attorney had previously received a shuffle and that counsel's acquiescence to that shuffle waived any claim about its propriety. The Court of Appeals reversed the judgment and remanded the case for a new trial, holding that the trial court erred in denying the requested shuffle. *Johnson v. State*, 944 S.W.2d 739 (Tex.App.—Corpus Christi 1997). We granted the State's petition for discretionary review, which raises nine grounds claiming error in the Court of Appeals' decision.

The following occurred at trial:

PROSECUTOR: Your Honor, in all due respect, we need on the record that the defense counsel has asked for a shuffle prior to the jury being seated, because she has a right to have them seated.

THE COURT: I know. She said she doesn't want them seated that way.

PROSECUTOR: I understand.

After the venire was seated, sworn, and qualified, the following took place at the bench:

DEFENSE COUNSEL: Your Honor, I'm asking that the jury be shuffled again. We only have one—the Defendant is black. We only have one black venireman who is called for jury duty. He is seated in the very back and it will be impossible for him to even be considered for—you know, to

1. Article 35.11, V.A.C.C.P.

get on this jury panel. I'm asking that either we reshuffle the jury or that we dismiss the jury array and call a new array of prospective jurors.

THE COURT: All right. The panel was shuffled at the request of the Defendant and the Defendant is now asking for a second shuffle?

DEFENSE COUNSEL: Yes, Your Honor.

THE COURT: Which will be denied.

DEFENSE COUNSEL: Your Honor, would you please note my exception for the record because I was asked if I wanted the jury members to come in in the order that they had already been placed on the list and I said I was going to be asking for a shuffle, and the Judge ... I mean at the time that they came in you only qualified the jury. It was not a situation where we were getting ready to actually voir dire the jury or that they had actually been seated.

THE COURT: Mr. Bell [prosecutor]?

PROSECUTOR: Yes, Your Honor.

THE COURT: Go ahead. I want him to hear this.

DEFENSE COUNSEL: Okay. Initially I was asked did I want the jury panel to come in in the order they had already been written down in, the order they had been selected, or did I want them to come in in another manner. I said it didn't matter because I was going to ask for a shuffle in that the jury was only being qualified at that particular time.

And what I'm saying is there is only one black venireman who was called for jury duty. He is sitting in the very back. It would be impossible for him to be considered. You know, even if we do all our strikes, he would probably, in all probability, not be selected for the jury, and I am saying that I'm asking for another shuffle, or in the alternative, to dismiss this array totally and bring another array of jurors.

PROSECUTOR: First response is that that is not what counsel said in the first instance. What counsel said is—counsel was asked do you want the jury to come in and be seated before you request a shuffle. Counsel said no, that's not necessary, be-

cause irrespective of how they look when they're seated, I'm going to ask for a shuffle.

DEFENSE COUNSEL: I said I'm going to ask, right, I'm going to ask for a shuffle.

PROSECUTOR: Let me finish. So counsel then asked for a shuffle. She is only entitled to one shuffle. The Defendant is entitled to one shuffle. That shuffle's been made. She's not entitled to keep shuffling until she gets the people where she wants them. The State would object to any reshuffling. That shuffle has been done.

The only question before this Court, and I think the record is clear, is that counsel waived the right to have the jury brought in and seated before she requested a shuffle and specifically stated on the record that's not necessary because whatever they look like, I'm going to request a shuffle. She's had her shuffle and she's not entitled to two shuffles.

DEFENSE COUNSEL: Well, then, Your Honor, I'm also asking that this jury array be dismissed and that a new one be brought. My client is black. There was only one black person called for—you know, selected or who was sent notices to appear for jury duty, and he would be at a disadvantage at this point, and I'm asking that the whole array be dismissed and another one be called.

THE COURT: Motion denied.

The Court of Appeals set out general propositions of law concerning jury shuffles. A shuffle cannot take place until it is determined precisely which persons will constitute the jury panel for the case. *Johnson*, 944 S.W.2d at 741, citing *Yanez v. State*, 677 S.W.2d 62, 68 (Tex.Cr.App.1984). The parties have the right to view the entire venire in proper sequence before having the names shuffled, and a defendant cannot be deemed to have exercised his right to a jury shuffle without having had the opportunity to present the motion for a shuffle to the judge. *Johnson*, 944 S.W.2d at 741, citing *Davis v. State*, 782 S.W.2d 211, 214 (Tex.Cr.App.1989). Jury shuffles are to be performed in the courtroom. *Johnson*, 944 S.W.2d at 741, citing *Stark v. State*, 657 S.W.2d 115, 116 (Tex. Cr.App.1983). A defendant has a right to a

"reshuffle" if the original shuffle was caused by someone other than the State, such as the trial judge or court personnel. *Johnson*, 944 S.W.2d at 741, citing *Wilkerson v. State*, 681 S.W.2d 29, 30 (Tex.Cr.App.1984). A shuffle conducted by a court clerk prior to the seating of the panel does not satisfy the defendant's right to a shuffle. *Johnson*, 944 S.W.2d at 741, citing *Stark*, 657 S.W.2d at 116. When the trial court grants a defendant's written motion requesting that a shuffle be performed in a particular manner, and the defendant does not object to that procedure, he may not complain on appeal about the denial of his right to a jury shuffle. *Johnson*, 944 S.W.2d at 741, citing Valdez v. State, 472 S.W.2d 754, 757 (Tex.Cr.App. 1971).

The Court of Appeals then reviewed the facts surrounding the shuffling of the venire and reached the following conclusions. Appellant did not file a written pretrial motion asking that the jury be shuffled prior to the seating or qualification of the jury. Counsel was asked whether she wanted the jury to enter the courtroom in the order in which their names appeared on the list. Counsel expressed indifference because she planned to move for a shuffle after qualification. Counsel did not waive Appellant's right to view the panel seated before requesting a shuffle, as the State contended. Instead, she attempted to preserve that right. Some re-ordering of the jury occurred, by Appellant's acquiescence, but a *bona fide* shuffle cannot occur until it is determined which persons will constitute the jury panel. The reordering, or shuffling, that occurred preceded qualification. It is not clear whether that reordering was done in the courtroom. The trial court erred in denying the motion for a reshuffle of the jury, because the initial shuffle was legally incompetent. *Johnson*, 944 S.W.2d at 742.

The State argues that the Court of Appeals erred in holding that the initial reordering of the jury was legally incompetent. The State also contends that the court erred in holding that Appellant did not forfeit or waive any complaint about the procedural irregularities of that initial reordering. Appellant counters that the initial reordering

was not done at the request of the State or defense counsel, so it was a *sua sponte* shuffle, which does not prevent a defendant from requesting a subsequent shuffle. Appellant asserts he did not invite error and that he only asked the trial court for one shuffle, which was denied. We agree with the State.

 Complaints about jury shuffle error must be preserved. *Sanders v. State*, 942 S.W.2d 3, 5 (Tex.Cr.App.1997); *Powell v. State*, 897 S.W.2d 307, 310 (Tex.Cr.App.1994). To prevail on appeal, a defendant must raise a specific objection about the jury shuffle at trial. *James v. State*, 772 S.W.2d 84, 96 (Tex.Cr.App.1989). If Art. 35.11 has not been followed, and a defendant requested the improper procedure, appellate review of the impropriety is precluded. *Valdez*, 472 S.W.2d at 757.

Although in *Valdez* the appellant filed a written motion requesting the jury shuffle be done in a manner he later complained of on appeal, our holding that error was not preserved did not depend on the fact that the request was made in a written motion, as the Court of Appeals seems to have concluded in its analysis in the present case. Our holding was based on the fact that it was done at Valdez' request, regardless of whether the request was in writing. Moreover, nothing in this Court's opinions cited by the Court of Appeals suggests that a jury shuffle done improperly at a defendant's behest is void, contrary to the Court of Appeals' apparent conclusion in Appellant's case.

 The trial judge was informed that Appellant asked for a shuffle before the venire was seated. Defense counsel asked that the jury be shuffled again, because counsel was unhappy with the result of the first reordering. The judge asked if the panel had been shuffled at Appellant's request and if Appellant was asking for a second shuffle. Appellant's attorney answered affirmatively. In the discussion that followed, Appellant's attorney never argued that there were procedural irregularities in the jury shuffle or reordering. Defense counsel explained what happened and stated that the panel was only coming into the courtroom to be qualified and that the panel had not yet been seated at that time. The prosecuting attorney in-

formed the judge that defense counsel said that regardless of the seating order, counsel was going to ask for a shuffle. Appellant's attorney did not disagree with this observation and affirmed that she said she was going to ask for a shuffle. The prosecutor summarized that counsel asked for a shuffle and that shuffle was made, so Appellant was not entitled to another shuffle. Defense counsel's response addressed the result of that shuffle. Appellant's counsel did not object or argue to the trial court that the initial reordering of the jury was not a proper shuffle, nor did defense counsel argue that she was not given the opportunity to see the venire before asking for a shuffle. Appellant's complaints focused on the result of the first shuffle—not on the procedures employed.

This case is somewhat similar to *James,* 772 S.W.2d at 94–6. In *James,* a number of veniremembers had been qualified, and more veniremembers were added to the panel. The judge asked if either party desired a shuffle. The State asked for a shuffle, and the defendant asked that if there was to be a shuffle, the previously qualified veniremembers should be included. The State then withdrew its request for a full shuffle, but the State announced it had no objection to a shuffle of the added veniremembers only, if that was what the defendant wanted. The judge denied the defendant's request for a full shuffle and ordered a partial shuffle, excluding the previously qualified veniremembers. On appeal, the appellant complained that this shuffle was improper because it was not done at the request of either party. We determined that neither party had a pending request for a partial shuffle when the trial judge ordered the shuffle. *Id.* at 96. However, we stated that this was ascertained only after a careful reading of the record. *Ibid.* We observed that the trial judge could have reasonably believed from the bench conference that either the appellant or the State, or both, wanted a partial shuffle. *Ibid.* We concluded that, absent a specific objection, the trial judge best effectuated what he could have reasonably believed to be the appellant's desire for some sort of shuffle, without wasting the jury qualification that had already been done. *Ibid.* Conse-

quently, the point of error was overruled. *Ibid.*

In the present case, given defense counsel's affirmative response to the trial court's inquiry about whether the panel had already been shuffled at Appellant's request and whether Appellant was asking for another shuffle, Appellant's failure to raise any objections to the reordering or shuffle that was done previously, and Appellant's reason for a second shuffle, the trial judge could have reasonably concluded that Appellant was not entitled to the shuffle he was seeking. The trial court did not err in denying Appellant's request for a shuffle, and the Court of Appeals erred in holding otherwise. *Sanders,* 942 S.W.2d 3; *Powell;* 897 S.W.2d 307; *James;* 772 S.W.2d 84; *Valdez;* 472 S.W.2d 754.

The judgment of the Court of Appeals is reversed, and this case is remanded to that court to address Appellant's remaining points of error.