NUMBER 13-95-114-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


LEON JEROME JOHNSON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Jackson County, Texas 


__________________________________________________________________


OPINION ON REMAND



Before Chief Justice Seerden and Justices Hinojosa and

Yañez


Opinion by Justice Yañez



 This case is before us on remand from the Texas Court of Criminal
Appeals. A jury found appellant, Leon Jerome Johnson, guilty of
attempted capital murder and assessed punishment at ninety-nine
years of confinement and a $10,000 fine. By four points of error,
appellant challenged: (1) the trial court's denial of his motion for a jury
shuffle (point one); (2) the legal sufficiency of the evidence supporting
his conviction (point two); (3) the trial court's denial of his request for
a mistrial based on the prosecutor's display of a gun in the presence of
the jury (point three); and (4) the trial court's denial of his request for a
mistrial based on improper jury argument (point four). On original
submission, this Court held that the trial court erred in denying
appellant's request for a jury shuffle, reversed the judgment, and
remanded for a new trial.(1) See Johnson v. State, 944 S.W.2d 739, 743
(Tex. App.--Corpus Christi 1997), rev'd per curiam, 977 S.W.2d 137,
140 (Tex. Crim. App. 1998). Upon the State's petition for discretionary
review, the court of criminal appeals held that the trial court did not err
in denying appellant's request for a jury shuffle, reversed this Court's
judgment, and remanded the case to us to consider appellant's two
remaining points of error. See Johnson, 977 S.W. 2d at 140. Both
appellant and the State were provided an opportunity to re-brief
following the remand, but neither chose to do so. We address
appellant's remaining points in the context of the briefs on file, and
affirm the judgment of the trial court.

 In his third point of error, appellant contends the trial court erred
in denying his request for a mistrial after the prosecutor, while cross-examining a defense witness, exhibited a police officer's gun in the
presence of the jury. The record reflects that while cross-examining the
witness about the type of gun he observed at the scene, the prosecutor
asked a police officer in the audience for his gun, and after the officer
unloaded the weapon, the gun was shown to the witness in the jury's
presence. 

 Appellant argues the gun was not introduced into evidence, and
the prosecutor's display of the weapon in the jury's presence was
inflammatory and highly prejudicial. The State contends appellant's
objection on appeal does not correspond with his objection at trial. 
Specifically, the State argues appellant's objections at trial were based
on the gun not being introduced into evidence and the gun's display
before the jury. The State argues that on appeal, appellant's objection
is that the prosecutor exhibited a loaded weapon in the presence of the
jury. The State further contends appellant failed to preserve the issue
for review because he requested a mistrial, which was denied by the
trial court, prior to obtaining a ruling on his objection. Finally, the State
argues that even if the issue was preserved for review, the trial court
did not abuse its discretion by denying appellant's request for a mistrial
because there was no evidence that the display of the gun was
inflammatory.

 
To preserve an issue for appellate review, a defendant must make
a timely request, objection, or motion, stating the specific grounds for
the ruling he desires the trial judge to make. See Tex. R. App. P.
33.1(a)(1); King v. State, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997). 
The basis for the complaint on appeal must correspond to the objection
made at trial. See Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim. App.
1992). Here, appellant's counsel objected twice to the prosecutor's
display of the weapon, each time on the basis that the display was
"inflammatory." On appeal, appellant complains that the prosecutor's
actions were calculated to "inflam[e] the minds of the jury." We
conclude the grounds for appellant's complaint on appeal correspond
to the basis of his objections at trial.

 In order to preserve error for appeal, a party must obtain an
adverse ruling. Id. at 926. This typically is done by objecting,
requesting an instruction to disregard, and then moving for mistrial. Id. 
The court of criminal appeals has noted that there is no requirement
that the steps be taken in precise order; rather, "the most important
procedure is to press the specific objection to the point of obtaining an
adverse ruling, be that to the objection, the request for an instruction,
or the motion for mistrial." Id. 

 In the instant case, appellant's counsel objected to the display of
the gun and requested a mistrial, to which the trial court responded,
"overruled." A few moments later, counsel again objected and
requested a mistrial. The trial court "overrul[ed] the Defense Counsel's
objection." We conclude counsel's actions were sufficient to preserve
the claim of error. 

 The record shows that Lorenzo Bell, a defense witness, testified
that after gunshots were fired, he observed two persons entering and/or
exiting the club with guns. Bell was questioned by appellant's counsel
about the type of gun he observed:

[Counsel]: Do you know what kind of gun it was?


[Bell]: It was . . . All I know it wasn't no small gun. I know
it was a pretty big sized gun because I could see it.

. . . .

[Counsel]: Are you familiar with guns at all?


[Bell]: Yes, ma'am, a little bit.


[Counsel]: So can you-- could you tell what kind of gun, like
was it an automatic or was it a pistol or a rifle or, you know,
what kind of gun was it?


[Bell]: It was a pistol or it looked like it could have been an
automatic.

 On cross-examination, the prosecutor asked one of the police
officers in the audience to hand him his gun, and after the officer
unloaded it, the prosecutor showed it to the witness. The prosecutor
asked Bell whether the gun he saw "look[ed] like this." 

 Appellant has not cited any authority in support of his argument
that the prosecutor's display of the gun was improper and calculated
to inflame the minds of the jury. Appellant cites Koller v. State, 518
S.W.2d 373, 378 (Tex. Crim. App. 1975), in support of the proposition
that an individual should be convicted only upon evidence of his guilt,
and not through attempts to inflame or prejudice the minds of the
jurors. See id. However, we find Koller distinguishable. In Koller, the
court of criminal appeals reversed a conviction based on a record
containing numerous instances of prosecutorial misconduct,(2) including
improper references to the defendant's failure to testify and improper
questions concerning the character of an associate of the defendant. 
See id. at 377-78. In the present case, the prosecutor simply used the
gun as a "prop" while cross-examining the witness about the type of
gun he allegedly observed. A witness may be cross-examined on any
matter relevant to any issue in the case. Tex. R. Evid. 611(b). We
conclude that the display of the gun did not so prejudice the jurors that
appellant was denied a fair trial. We also hold the trial court did not err
in denying appellant's request for a mistrial based on the display, and
overrule appellant's third point of error. 

 By his fourth point of error, appellant contends the trial court erred
in denying his request for a mistrial because the prosecutor engaged in
improper jury argument. Specifically, appellant complains the
prosecutor invited the jury to convict him for a drug offense committed
approximately two years earlier in Wharton County, for which he was
never prosecuted. Appellant had testified that at the time of the drug
incident, he signed a written statement, confessing to possession of
cocaine. He testified that he was not prosecuted for that offense. In
closing argument, the prosecutor stated:

[Prosecutor]: . . . I believe firmly and vehemently that what
we're here today is [sic] the direct result of the wrong
message that were [sic] given in another county and that
told Leon Jerome Johnson get after it, partner, you can
shoot people randomly and capriciously and with impunity. 
And, members of this jury, that message, when some of you
that are a little older than me were young, was wrong then
and it's wrong now. And I'm telling you we've got--


[Defense counsel]: Your Honor, I object to what the State's
attorney has just said and he's asked the jury to convict the
Defendant based on something from another county, and
that's-- I'm asking for a mistrial based on that.


[Court]: Overruled.


[Counsel]: Note my exception for the record, Your Honor,
because my client's not on trial for that.

 

[State]: I am not asking you to convict him for what he did
in Wharton County. I'm asking you for the first time ever in
Leon Jerome Johnson's life to make him accountable for
what the hell he does out there. . . 


 The State argues that appellant failed to preserve any issue for
review because he failed to specifically object, ask for an instruction to
disregard, and move for a mistrial. The State further argues that even
if the issue was preserved for review, the prosecutor's argument was
a legitimate argument from the evidence, and that the trial court did not
abuse its discretion in overruling appellant's objection. We conclude
appellant did obtain an adverse ruling, and by doing so, thus preserved
the issue for review. Fuller, 827 S.W.2d at 926.

 
To be permissible, jury argument must fall into one of four general
categories: (1) summation of the evidence; (2) reasonable deductions
from the evidence; (3) answer to the argument of opposing counsel;
and (4) plea for law enforcement. Richardson v. State, 879 S.W.2d 874,
881 (Tex. Crim. App. 1993); Davila v. State, 952 S.W.2d 872, 878-79
(Tex. App.--Corpus Christi 1997, pet. ref'd). Counsel may draw all
inferences from the facts in evidence that are "reasonable, fair, and
legitimate," but he may not use jury argument, either directly or
indirectly, to get evidence before the jury that is outside the record. 
Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990); see
Contreras v. State, 838 S.W.2d 594, 606 (Tex. App.--Corpus Christi
1992, pet. ref'd) (finding prosecutor's argument a proper plea for law
enforcement). Even if argument exceeds the bounds of proper jury
argument, it is not reversible error unless, in light of the record as a
whole, the argument is extreme, manifestly improper, violative of a
mandatory statute, or injects new facts harmful to the accused into the
trial proceeding. McKay v. State, 707 S.W.2d 23, 26 (Tex. Crim. App.
1985). In deciding if there is reversible error, we view the argument in
light of the facts adduced at trial and in the context of the entire
argument. McGee v. State, 774 S.W.2d 229, 239 (Tex. Crim. App.
1989).

 After reviewing the record, we conclude that the State's argument
was within the realm of a proper plea for law enforcement, and thus
was not improper. See, e.g., Walthall v. State, 594 S.W.2d 74, 83 (Tex.
Crim. App. 1980) (argument in an obscenity trial to the effect that if the
defendant was acquitted, nothing would stop him or anyone else from
displaying pornography on any street corner); Kirkpatrick v. State, 515
S.W.2d 289, 293 (Tex. Crim. App. 1974) (prosecutor's argument that if
jury did not convict defendant, he would engage in "further looting" held
to be proper plea for law enforcement); Clark v. State, 952 S.W.2d 882,
889 (Tex. App.--Beaumont 1997, no pet.) (holding prosecutorial remark
concerning the harm defendant may do to others in the future as a
proper plea for law enforcement); Holt v. State, 899 S.W.2d 22, 25 (Tex.
App.-- Tyler 1995, no pet.) (holding prosecutor's summary of
defendant's history of offenses, including the consequences of past
parole decisions, in a plea for law enforcement was not reversible,
provided no overt appeal was made to overcompensate for the possible
operation of parole). We hold that the prosecutor's argument was
simply a variation of the traditional plea for law enforcement, and was
not improper. We further hold the trial court did not err in denying
appellant's request for a mistrial based on improper jury argument. We
overrule appellant's fourth point of error.

 Having considered appellant's remaining two points of error,
appellant's judgment of conviction is AFFIRMED. 


 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 26th day of October, 2000.


 

1. In our original opinion, we also held that the evidence was legally sufficient to
support appellant's conviction, and overruled appellant's second point of error. See
Johnson v. State, 944 S.W.2d 739, 743 (Tex. App.--Corpus Christi 1997), rev'd per
curiam 977 S.W.2d 137, 140 (Tex. Crim. App. 1998). 
2. The "numerous" incidents of prosecutorial misconduct included forty-five
improper questions, sixteen improper arguments, thirteen instances of misconduct
and sidebar remarks, and seven deliberate attempts to circumvent earlier rulings by
the trial court. See Koller v. State, 518 S.W.2d 373, 378 (Tex. Crim. App. 1975).